# NICOLSON PAVEMENT COMPANY v. JOHN FAY.

STREET ASSESSMENT IN SAN FRANCISCO.—Proposals for bids to make certain street improvements in the City of San Francisco, consisting of more than one kind of work, were made by the Board of Supervisors, and let to R., who was the sole bidder therefor, as one job. One of said kinds of work was to put down the Nicolson pavement, the exclusive right to construct which in said city was at the time owned by the plaintiff, R.'s assignee, under letters patent of the United States. *Held*, that because this course had the effect to preclude all persons other than the owner of said patent right from bidding, and the property owners from taking the contract for any portion of said work, the contract as let was void.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Judgment passed for the plaintiff in the Court below, and the defendant appealed.

The other facts are sufficiently stated in the opinion of the Court.

*Elliott J.* and *Joseph H. Moore,* for Appellant.

*Wilson & Crittenden,* for Respondent.

By the Court, SANDERSON, J.:

The only difference between this case and that of the plaintiff against Painter, decided at the present term, (*post,*) lies in the fact that in addition to the cause of action for putting down Nicolson pavement, the complaint contains also a cause of action for other work for which the Board of Supervisors had the power to contract. So far as the cause of action in relation to Nicolson pavement is concerned, the judgment will have to be reversed upon the authority of *Painter's Case.*

The case shows that the work was all let as one job, upon one bid, and under one contract. This course had the effect to preclude all persons other than the plaintiff from bidding for the work last referred to, and the property owners from taking the contract. The whole of the judgment must

therefore be reversed. There is nothing in the case of *Beaudry* v. *Valdez*, 32 Cal. 269, which is counter to this view. There was nothing in the facts of that case to preclude anybody from bidding, or the property owners from taking the contract.

Judgment reversed.

Mr. Justice SPRAGUE expressed no opinion.