[No. 6,860.—Department One.]

EDMUND DUNNE *v.* LUDWIG ALTSCHUL ET AL.

STREET ASSESSMENT — SAN FRANCISCO — PATENTED MATERIAL.— The use of patented material in fulfilling a municipal contract for improving a street in San Francisco does not avoid an assessment thereunder, in a case where it is not shown that the contract either required or prohibited the use of patented materials.

ID.— ID.— ID.— PRESUMPTION — EVIDENCE.— Assuming that the use of patented materials was unauthorized under such contract, the circumstance that materials marked as patented were used raises no presumption that they were patented, in a case where the superintendent of streets certifies that the work was properly done.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

*D. H. Whittemore*, for Appellants.

Under the street law, no patented materials or patented combination of materials can be used. (*Nicholson Pavement Co-*

v. *Fay*, 35 Cal. 695; *Nicholson Pavement Co.* v. *Painter*, id. 699.)

Where an article is shown to be made as above, it is presumed to be a patented article. (§ 1963, Code Civ. Proc. subd. 1, 33; Greenl. on Ev. §§ 34, 35, 48.)

The slightest proof overthrows plaintiff's *prima facie* case. (*Graves* v. *Bruen*, 11 Ill. 441; *Tibbett* v. *Job*, id. 453; *Long* v. *Burnett*, 13 Iowa, 28; *Sibley* v. *Smith*, 2 Mich. 497.)

*J. C. Bates*, for Respondent.

There is no competent evidence tending to show that any of the materials used in this work were patented at the time the work was done, or even that they were ever patented.

For aught we can know from the evidence, the supposed patent, if ever in existence, may have been declared void, or had expired by limitation. (Bump's Law of Patents, pages 109, 110.)

McKEE, J.:

This appeal is from the judgment and the order denying motion for a new trial, in an action to recover a street assessment in San Francisco, for work ordered by the Board of Supervisors, in constructing a brick sewer, with manhole and cover, in crossing of Broderick and Geary streets, with cesspools, culverts, curbs, and sidewalks on angular corners thereof.

It is contended that the work was required to be done of patented materials, and that the Court below erred in not finding as a fact, from the evidence in the case, that work of that character was required.

As appears from the transcript, the only evidence of the alleged fact is, that the Superintendent of Public Streets kept in his office during the year 1877, as sample plans for work which might be ordered, certain castings usable for corners, marked as follows: " Patented December, 1864, George T. Bowen." The superintendent also testified that " contractors were required and did use them," but he did not know whether they were patented or not. A witness who had examined the work also testified that the iron covers and corner irons of the work

performed by the plaintiff, under his contract, were marked or molded with the words "Patented December, 1864, George T. Bowen." This evidence, about which there is no conflict, is claimed to be conclusive that the materials used in the work were patented articles, and it is contended they were required, because they were used.

But the requirements of a contract for work ordered by the Board of Supervisors, under the street law of the city, cannot be inferred from the use of a material in the performance of the contract. It is conceded in the case in hand that the contractor duly performed his contract. The work was therefore done in a workmanlike manner, and was approved and accepted by the superintendent. No fault is found with the performance of the contract, or with the materials used by the contractor. Both were entirely satisfactory ; and the only question is whether the articles used, assuming that they were patented articles, were required by anything in the contract itself, or the record of the proceedings of the Board of Supervisors which authorized it. If the materials used were *not* required, the contractor was at liberty to use them or any others in the performance of his contract. The use of them, under such circumstances, would not avoid his contract, or affect the work done under it, if the work itself was otherwise properly done. But if the work was required to be done of patented materials, either by the resolution of intention which authorized it, or by anything in the contract between the plaintiff and the city, or in the proceedings of the Board of Supervisors, it would have been unauthorized, and the contract for performing it would have been void and unenforceable against the property owner ; not, however, because of the materials used in it, or of any defect in the work, but because the authorities had no jurisdiction to order it done at all—as was held in the *Nicholson Pavement Cases*, 35 Cal. 695, 699. But in those cases the record of the proceedings by which the work was ordered showed upon its face that the work was required to be of patented materials, of which one man alone had the monopoly— being the owner of the patent; and as there could be no competition between bidders, it was held that the Board of Supervisors had no jurisdiction by the street law under which

they acted to let a contract for such work. There is no such record in this case. It does not appear in the resolution of intention, or any order of the Board of Supervisors, in the specifications or the notice of sealed proposals, or in the contract awarded to the plaintiff, that the work was required to be of patented materials.

The verbal statement of the superintendent of streets, made after the contract had been awarded and the work performed and accepted, that contractors were required to and did use materials like the sample of castings which was kept in his office, does not prove that the work was of a prohibitory character. It is not permissible to vary, contradict, or add to the record of the proceedings of a street improvement by parol testimony; nor can the jurisdiction of the Board of Supervisors to order work done on a street be vested or divested by the verbal statement of an officer. Such a statement does not tend to show that the work was ordered to be done of patented materials.

In the absence from the record of proceedings of any requirement for work of that character, the mere use of any materials by the contractor which were satisfactory to the superintendent of streets could not affect the jurisdiction which had attached to order it, nor affect with invalidity the contract under which it was done and in which the materials were used. If the work was authorized according to law, the use of the materials did not render it invalid; if it was unauthorized, the use of the materials did not make it valid. The use may have been lawful; the presumption is that way, for the exclusive right to use the articles may have expired, and the public been entitled to the use. At all events, we cannot presume that the contractor violated law in using the materials in a work which was ordered and performed within a jurisdiction which had attached to order it done.

As the plaintiff duly performed the contract which was ordered and awarded to him in the exercise of a proper jurisdiction, and the defendant failed to make out his defense as alleged in his answer, it follows that the plaintiff was entitled to judgment.

Judgment and order affirmed.

ROSS, J., and McKINSTRY, J., concurred.