COMM'RS OF JOHNSON COUNTY V. GEO. W. WILSON.

LIABILITY OF COUNTY FOR COSTS, *in Misdemeanor Cases.* Under section 27 of the practice-act in misdemeanor cases before justices of the peace, (Gen. Stat. ch. 83,) the county is in no event liable for the fees of the justice or witnesses in any case whereof jurisdiction is given by that chapter to justices of the peace, in which the defendant or complainant is adjudged to pay the costs; and it makes no difference as to the county's non-liability whether the case end in the justice's court, or is appealed to and defendant convicted in the district court.

*Error from Johnson District Court.*

AT the March Term 1876 of the district court, *Wilson* recovered a judgment against the *Board of County Commissioners* for $28.05 — of which $26.55 was for fees earned in a certain criminal case tried before him as a justice of the peace, and $1.50 was for fees as a witness on the part of the state in the same case upon the trial thereof in the district court. The *Board of County Comm'rs* brings the case here.

*J. W. Green,* county attorney, for plaintiff in error.

*Geo. W. Wilson,* defendant in error, for himself.

The opinion of the court was delivered by

BREWER, J.: This case was submitted upon an agreed statement of facts in the court below. From this agreed statement the following facts appear:

"Wilson, the defendant in error, was an acting justice of the peace in the city of Olathe, Johnson county, in 1874. On 23d June 1874, one Gurnee was arrested and brought before said Wilson for trial. The offense with which Gurnee was charged was one which Wilson as justice of the peace had jurisdiction to try. On the 30th of June Wilson proceeded to try the case, which resulted in the conviction of Gurnee, who was fined in the sum of twenty-five dollars and costs of prosecution, and was by the court committed to the jail of Johnson county until the sentence and judgment of the court should be complied with. From this judgment Gurnee appealed to the district court. In the district court a trial was duly had with a like result as in the justice's court, with this

exception: Gurnee was fined in the sum of fifty dollars, instead of twenty-five. Gurnee then appealed to the supreme court, which court affirmed the judgment of the court below. The mandate of the supreme court was filed in the court below on the 8th of June 1875, and immediately thereupon, a motion was made by the county attorney asking that the judgment and sentence of the court should be carried into effect. Gurnee failed to pay the fine and costs adjudged against him, and he was thereupon committed to the jail of Johnson county. On the — day of June, Gurnee made an application to the board of county commissioners to be released from confinement, basing his application upon chapter 117, laws of 1871. Satisfactory proof of Gurnee's inability to pay the fine and costs adjudged against him was produced before said commissioners, and upon the 9th of June 1875 he was released from jail by their order. Said order did not release nor did it attempt to release said Gurnee from the payment of said fine and costs. Wilson performed the services for which his bill was made out, and on the 24th of June 1875 the bill was presented to the commissioners for allowance, and rejected. Such claim was for fees as justice for services done at the instance of the prosecution in the trial before himself, and as witness on the part of the prosecution on the trial in the district court."

Was the county liable? That the county is not liable in the absence of a statute making it liable, is conceded; and also, that if the case had stopped with the justice, and not been appealed, it would not have been liable for any costs in that court. Sec. 27 of ch. 83, Gen. Stat., p. 884, expressly provides that—

"No costs shall be paid by the county in any case of misdemeanor of which a justice of the peace has jurisdiction under this act, when the complainant or defendant shall be adjudged to pay them."—(*Procedure Act in Misdemeanors*, § 27.)

A release by the county commissioners of the defendant from *imprisonment* would not under those circumstances have made the county liable. This does not seem to be questioned. But the contention of counsel is, that the appeal vacated the judgment of the justice, and divested him of jurisdiction; that thereafter the case was one in the district court; that

section 23 of same act provides that the district court in rendering judgment shall also render judgment for the costs before the justice; and that then § 325 of ch. 82, Gen. Stat., p. 872, becomes applicable, which provides that—

"The costs incurred on the part of the prosecution shall be paid by the county in which the offense is committed, when the defendant shall be convicted and shall be unable to pay them."—(*Criminal Code*, § 325.)

We cannot concur with these views. Chap. 82 is the code of criminal procedure, applying to criminal proceedings generally. Some of its provisions in terms apply to certain courts, and some to others; some in their nature are only applicable to one class of courts, while others are equally applicable to all courts, and all criminal cases. Article 16 of this chapter, in which is found section 325, quoted *supra*, is entitled and refers to "costs in criminal cases." Section 325 is general, and except as modified or limited by other legislation applies to all criminal cases. If there were no other legislation the county would doubtless be liable for the costs sued for in this case. But chapter 83 is subsequent legislation, having been approved nine days after chapter 82. It provides for proceedings in certain misdemeanors before justices of the peace, and gives to them exclusive jurisdiction thereof. And in said section 27, above quoted in full, it provides that no costs shall be paid by the county in *those cases* when the complainant or defendant is adjudged to pay them. It does not say, *no costs incurred in the justice's court*, but "no costs * * * in any case of misdemeanor of which a justice of the peace has jurisdiction under this act." The exception to the general provision is not as to the court, but the class of cases. The county pays no costs in those cases, and not simply no costs in those courts. Section 27 is a limitation on section 325. Effect must be given to each if possible. They are *in pari materia*, and to be construed together. If they stood side by side in the same act there would seem little difficulty in arriving at the legislative intention. The one says substantially, "in *all* cases;" the other, in cer-

tain *specified* cases. The latter is a limitation upon, an exception to, the former. The contingency named in said section 27 arose in this case. The defendant was adjudged to pay the costs. He still remains adjudged to pay them. We think therefore that the county was not liable for any of the costs sued for.

Section 19 of the act relating to and fixing fees, (ch. 39, Gen. Stat. 483,) whatever effect it may have as to the claims of other officers, does not help the claimant in this case.

The judgment of the district court will be reversed, and the case remanded with instructions to render judgment in favor of the defendant, the plaintiff in error, for costs.

All the Justices concurring.