THE BOARD OF COMMISSIONERS OF OSBORNE COUNTY
v. L. D. HONN.

COSTS, *Defendant Liable for.* Where a defendant in a case of misdemeanor before a justice of the peace of Osborne county is found guilty and sentenced to pay a fine and costs, and to be imprisoned in the county jail of Ellis county (there being no jail in Osborne county) until such fine and costs are paid, and such fine and costs are not paid, and the sheriff then, on proper warrant, takes the prisoner to the county jail of said Ellis county, and in doing so pays railroad fare and stage fare, *held*, that the county of Osborne is not liable to pay the sheriff for mileage, or for said railroad fare or stage fare, but that the defendant in the criminal action is liable therefor.

*Error from Osborne District Court.*

ACTION brought by *Honn* against the *Board of Commissioners of Osborne County*, to recover for his costs and expenses in a certain case of misdemeanor. Trial at the April Term, 1878,

of the district court, and judgment for plaintiff. The de-
fendant brings the case here. The facts are stated in the
opinion.

*A. Saxey*, county attorney, for plaintiff in error.

*Z. T. Walrond*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by L. D.
Honn against the board of county commissioners of Osborne
county, upon the following facts: In an action by the state
against three different parties, before a justice of the peace
for a misdemeanor, the parties were convicted, and sentenced
to pay a fine and costs, and stand committed to the county
jail of Ellis county (there being no jail in Osborne county)
until such fine and costs were paid. And such fine and costs
not being paid, a warrant of commitment was issued on the
judgment, and placed in the hands of said L. D. Honn, who
was sheriff of Osborne county, for execution. Honn exe-
cuted the writ, and then filed a claim with the county clerk
of Osborne county, against the county, for his costs and ex-
penses. The items of the costs and expenses were for mileage,
for stage fare, for railroad fare, and for boarding, lodging and
guarding the prisoners. It would seem that the county board
allowed the items for boarding, lodging and guarding the
prisoners, and refused to allow the items for mileage and
stage fare and railroad fare. Honn then appealed to the dis-
trict court, and in the district court he obtained a judgment
for said last-mentioned items, to wit, for said mileage, stage
fare and railroad fare. The only question then for this court
to determine is, whether Honn is entitled to recover against
the county for said last-mentioned items. It is the duty of
the board of county commissioners to furnish a good and
sufficient jail in their own county. (Gen. Stat., ch. 25, §4; ch.
53, §1.) And it is their duty to allow the sheriff his rea-
sonable charges for supplying prisoners confined in the county

17—23 KAS.

jail. (Gen. Stat., ch. 53, § 10.)    But in counties where there is no county jail, as in this case, prisoners may be sent to the jail of the county nearest having a sufficient jail. (Gen. Stat. ch. 53, § 16.)    And § 27, ch. 83 of the General Statutes, provides that "No costs shall be paid by the county in any case of misdemeanor of which a justice of the peace has jurisdiction, under this act, when the complainant or defendant shall be adjudged to pay them."    And whatever said mileage and said railroad fare and stage fare may be called, whether "costs," or "expenses," or something else, there is no statute which specifically provides that the county may pay the same.    The court below held that the county should pay the same, and held that they were "expenses," and not "costs." Indeed, we suppose that if they were costs, no one would claim that the county should pay them.    Said § 27, ch. 83, would forbid it.   But suppose they be held to be expenses, then where is the authority for requiring the county to pay them ? We know of no such authority, and none has been pointed out to us.    The county was not a party to the suit in which said persons were ordered to be imprisoned, nor has it any interest therein.    The state of Kansas was the only plaintiff, and the said convicted persons were the only defendants therein.    And unless some specific authority can be shown for requiring the county (which was not a party to the suit) to pay said costs or expenses, the county cannot be required to pay them.    We think that the said mileage and railroad fare and stage fare are costs, and that the defendants are bound to pay them ; but even if they are not costs, we know of no authority in law requiring the county to pay them.

The judgment of the court below will be reversed, and cause remanded with the order that judgment be rendered in favor of the county for costs.

All the Justices concurring.