THE BOARD OF COMMISSIONERS OF LABETTE COUNTY v. E. D. KEIRSEY, et al.

1. CERTAIN FEES, *Paid by County, When.* Chapter 108, Laws of 1881, not only repeals § 19, ch. 39, Gen. Stat. of 1868, (Comp. Laws of 1879, p. 446,) but also repeals by implication § 27, ch. 83, Gen. Stat. of 1868. (Comp. Laws of 1879, p. 777.)

2. —— Section 1, ch. 108, Laws 1881, creates in express terms a liability against counties in which criminal prosecutions are instituted, not existing prior to the enactment of that chapter.

3. CHAPTER 108, LAWS OF 1881, *Construed.* Under the provisions of ch. 108, Laws of 1881, in all cases of misdemeanor of which a justice of the peace has jurisdiction, where the fees prescribed by ch. 39, Gen. Stat. of 1868, for the sheriff, constables, justices of the peace, witnesses for the state, and jurors, are adjudged against the defendant or prosecuting witness, but are not paid by the defendant or such witness, they shall be paid by the county in which the criminal prosecution is instituted.

*Error from Labette District Court.*

AT the November Term, 1881, of the district court, *E. D. Keirsey* and others recovered judgment against the *Board of County Commissioners,* upon claims for fees as officers, witnesses and jurors in a misdemeanor case, tried before a justice of the peace. The following is the agreed statement of facts:

"That the claims of said plaintiffs are for fees as justices of the peace, constables, and witnesses, jurors, and sheriff, properly charged and accrued under the provisions of chapter 39 of the General Statutes of the state of Kansas, and chapter 108 of the Session Laws of 1881, amending section 19 of

chapter 39 of said statutes, which said fees accrued and were charged in a certain cause on the part of the state before E. D. Keirsey, a justice of the peace of Labette county, Kansas, wherein the state of Kansas was plaintiff and Charles Allen was defendant, which said defendant then and there stood charged with, and was on the 12th day of May, 1881, duly tried for the misdemeanor of assault and battery, and that said fees accrued on behalf of the state; that none of said fees have ever been paid to the plaintiffs, or any of them; that the sheriff of Labette county had made and filed the proper affidavit that the said fees could not be collected from any other source than Labette county."

The court made and filed the following findings:

"1. That the services were performed by the plaintiffs as alleged, and the fees charged therefor are such as are allowed by law.

"2. That the fees cannot be collected from any other source than Labette county.

"3. That the said fees so charged are the fees in a misdemeanor case tried before a justice of the peace.

"And as a matter of law the court doth find: That Labette county is liable for the payment of the said fees and costs.

"It is therefore by the court considered, ordered and adjudged that the said plaintiffs have and recover of the said defendant $69.60, as follows:

| | |
|---|---:|
| E. D. Keirsey | $9 65 |
| Frank Blanchard | 11 70 |
| Merritt Read | 1 00 |
| Samuel Carpenter | 1 50 |
| A. B. Yeager | 1 50 |
| H. L. Woodford | 1 50 |
| D. Branson | 1 50 |
| I. Stapp | 1 50 |
| James Columbia | 10 00 |
| Frank Manson | 10 00 |
| Logan Webb | 5 00 |
| Samuel Coulter | 7 50 |
| S. F. Herman | 5 00 |
| D. M. Bender | 2 25 |
| And their costs in this behalf expended, taxed at | 9 75" |

*The Board* brings the case here.

*Bettis & Morrison,* for plaintiff in error.

*J. E. Bryan,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Prior to the convening of the legislature of 1881, § 19, ch. 39 Gen. Stat. 1868, fixing the fees of certain officers and persons therein named, read:

"In all cases where the fees prescribed by this act, in criminal cases, for the sheriff and clerk, are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted : *Provided*, That no such fees shall be paid by the board of county commissioners before the next term after conviction, and not until the sheriff and clerk of the district or criminal court shall file their affidavits that such fees cannot be collected from any other source."

And § 27, ch. 83, Gen. Stat. 1868, regulating the procedure before justices of the peace in cases of misdemeanor, read:

"No costs shall be paid by the county in any case of misdemeanor of which a justice of the peace has jurisdiction, under this act, when the complainant or defendant shall be adjudged to pay them."

By ch. 108, 'Laws of 1881, it was provided:

"That section 19, of chapter 39 of the General Statutes of 1868 be amended so as to read as follows: Section 19. In all cases where the fees prescribed by this act, in criminal cases, for the sheriff, clerk, constables, justices of the peace, witnesses for the state, and jurors, are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted: *Provided*, That no such fees shall be paid by the board of county commissioners until the sheriff shall have filed his affidavit that such fees cannot be collected from any other source."

This last expression of the legislature not only amends and changes § 19 of ch. 39, Gen. Stat. of 1868, but repeals by implication also § 27 of ch. 83, Laws of 1868, and by express terms creates a liability against counties in which criminal prosecutions are instituted, not existing prior to the enactment of ch. 108 of the Laws of 1881.

Counsel for plaintiff in error refer to the case of *Comm'rs of Osborne Co. v. Honn*, 23 Kas. 256, and contend that as

counties were not liable in misdemeanor cases for sheriffs' fees prior to the amendment of 1881, there is no liability now for such fees or for the fees of the other officers and persons named in the amendment. Sec. 19 of ch. 39, Gen. Stat. 1868, was subsequent legislation to § 27, ch. 83, Gen. Stat. 1866, the former having been approved March 2, 1868, and the latter February 29, 1868, and such original section in no way conflicted with said § 27. This was the condition of the law at the time of the rendition of the decisions in *Comm'rs of Osborne Co. v. Honn*, supra; *The State v. Campbell*, 19 Kas. 481; and *Comm'rs of Johnson Co. v. Wilson*, 19 Kas. 485. But ch. 108, Laws of 1881, does not embody the restrictions or limitations contained in the original § 19 of ch. 39. Constables, justices of the peace, witnesses for the state and jurors are expressly named therein, as well as the sheriff and clerk. Sec. 1 thereof provides that in all cases where the fees prescribed in criminal cases for such officers and persons are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted. The scope of this section is amply broad enough to contradict and conflict with said § 27 of ch. 83, and therefore we think the intention of the legislature was to set aside the provisions of said § 27.

The judgment of the district court will be affirmed.

All the Justices concurring.