E. D. KEIRSEY v. THE BOARD OF COMMISSIONERS OF LABETTE COUNTY.

TEN DOLLARS OF COSTS; *Proviso, Not Repealed.* The proviso to § 13, ch. 39, Comp. Laws, 1879, "that no more than ten dollars costs, in criminal cases, exclusive of witnesses', county attorney's and jury fees, shall be charged in any case," is not repealed, either in terms or by implication, by ch. 108, Laws 1881, the same being an act to amend section 19 of said chapter 39, and restricts to ten dollars the amount of costs which may be taxed in a justice's court for other than the parties named, in every criminal case brought in that court, whether for preliminary examination or final trial, and whether the party liable for payment be the defendant, the prosecuting witness, or the county.

*Error from Labette District Court.*

ACTION by *Keirsey* against *The Board of Commissioners of Labette County*, to recover certain fees. Trial by the court, at the February Term, 1883, when the court made findings of fact as follows, to wit:

"1. The court finds that this action is an appeal from certain orders of the board of county commissioners, disallowing a portion of certain fees claimed upon the part of E. D.

Keirsey, as justice of the peace of said county, in his own behalf, and constable's fees taxed in certain criminal cases as follows; and that said Keirsey is the assignee of the constable's fees hereinafter named and mentioned :

"State of Kansas *v.* Samuel Brown, charged with grand larceny; preliminary examination before E. D. Keirsey, and prisoner discharged on the 19th day of October, 1882; judgment against Labette county for costs; amount of justice's fees, taxed as costs, $11.60; amount of constable's costs, $8.65; amount allowed by board of county commissioners for justice's costs, $5.73; for constable, $4.27; total, $10.

"State of Kansas *v.* Allen Landis, charged with grand larceny; preliminary examination before E. D. Keirsey, and prisoner discharged November 18, 1882; costs adjudged against Labette county; justice's fees taxed as costs, $12.15; constable's fees taxed as costs, $16.40; total, $28.55; amount allowed by county board to justice, $4.25; allowed to constable, $5.75; total, $10.

"State of Kansas *v.* George McAlpine; preliminary examination October, 1882, before E. D. Keirsey, justice of the peace, and defendant bound over to district court; convicted of robbery in the first degree, at November term of Labette county district court; justice's fees taxed as costs in preliminary examination, $8.85; constable's fees taxed as costs in preliminary examination, $11.65; total, $20.50; amount allowed by board of county commissioners to justice, $4.25; to constable, $5.75; total, $10.

"2. That the fees taxed by said E. D. Keirsey, as such justice of the peace, as costs in said actions, were those prescribed by statute for justices of the peace and constables, and that said costs could not be collected from any other source than Labette county, and that the same were duly certified and presented to the board of county commissioners for allowance, as by law provided. That the amount of costs taxed in the first case herein referred to, exclusive of witness, county attorney and jury fees, amounted to $20.25; amount allowed by board, $10; amount disallowed, $10.25.

"Amount of costs, exclusive of county attorney, witness and jury fees, in the second case herein referred to, $28.55; amount allowed by county board, $10; amount disallowed, $18.55.

"Amount of costs taxed in third case herein referred to, exclusive of witness, county attorney, and jury fees, $20.50; amount allowed by board of county commissioners, $10;

37 — 30 KAS.

amount disallowed, $10.50; whole amount claimed, $69.30; whole amount allowed, $30; balance disallowed, $39.30.

"The court further finds that by agreement of parties all questions as to joinder of claims, or the manner of taking this appeal, are waived, and the only question for determination in said appeal is whether the county is liable for more than the sum of $10, constable and justice fees in each case hereinbefore referred to. All other questions are waived."

Thereon the court found as a matter of law that the county of Labette was only liable for said fees to the amount of ten dollars, constable and justice fees in each case, and costs of suit. The court adjudged that the plaintiff *Keirsey* have and recover of and from the defendant *Board* in this action the sum of thirty dollars, and the costs therein taxed at five dollars; to which conclusion of law and judgment the plaintiff duly excepted. New trial denied, and plaintiff brings the case to this court.

*Perkins, Morrison & Bowman,* for plaintiff in error.

*G. S. King,* county attorney, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is whether the last proviso in § 13, ch. 39, Comp. Laws of 1879, is repealed by ch. 108, Laws of 1881. The district court held that it was not. The proviso reads as follows: "*And provided further,* That no more than ten dollars costs, in criminal cases, exclusive of witnesses', county attorney's and jury fees, shall be charged in any case."

Section 19 of the same chapter is:

"In all cases where the fees prescribed by this act, in criminal cases, for the sheriff and clerk, are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted: *Provided,* That no such fees shall be paid by the board of county commissioners before the next term after conviction, and not until the sheriff and clerk of the district or criminal court shall file their affidavits that said fees cannot be collected from any other source."

Chapter 108, Laws 1881, is an amendment of this section, and reads :

"That section nineteen of chapter thirty-nine of the General Statutes of 1868 be amended so as to read as follows : Section 19. In all cases where the fees prescribed by this act, in criminal cases, for the sheriff, clerk, constables, justices of the peace, witnesses for the state, and jurors, are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted : *Provided,* That no such fees shall be paid by the board of county commissioners until the sheriff shall have filed his affidavit that said fees cannot be collected from any other source."

The only other section we are referred to as bearing upon the question is § 27, chapter 83, Comp. Laws of 1879, which reads :

" No costs shall be paid by the county in any case of misdemeanor, of which a justice of the peace has jurisdiction under this act, when the complainant or defendant shall be adjudged to pay them."

Elaborate briefs and arguments have been made and filed on both sides, and many reasons urged in support of the opposing views. We shall not attempt to notice all the arguments advanced, but shall content ourselves with a brief statement of our conclusions.

And first, it will be perceived that the proviso is not in terms repealed. The legislature has never said in direct words that its will in respect to the matter of the proviso has changed. If repealed at all, it is only by implication; but repeals by implication are not favored, and are sustained only when the later law cannot by any fair and reasonable construction be harmonized with the former. Both laws are to be sustained, if possible. This is familiar law. (*Stephens v. Ballou,* 27 Kas. 594.)

Of course, where the two are inconsistent, the former falls, and the latter, as the last expression of the legislative intent, is sustained. On this rule, the case of *Comm'rs of Labette Co. v. Keirsey,* 28 Kas. 40, an action between the same par-

ties as in the present case, was decided. Section 27, *supra*, was held repealed by implication by said chapter 108. The first said that no costs should be paid in certain cases. The second, a subsequent act, that in *all cases* costs should be paid. The latter superseded the former. It said in *all cases*, and there is no room for both sections.

Counsel for plaintiff in error say that that case is decisive of this. Of course if the premises are the same, or equivalent, the result of the argument must be the same. The question then is this: Is said chapter 108 inconsistent with the proviso? If it is, of course the proviso falls. It will be noticed that chapter 108 simply purports to amend a section of said chapter 39. As an amendment, it becomes a part of chapter 39, and is to be construed as part and parcel of the one act. It is true that the second section of chapter 108 repeals not merely the section amended, but all acts and parts of acts inconsistent with the amended section. Whether this second section amounts to anything, may be doubted. It names no section, repeals nothing by name, save the section amended, and only expresses in terms the rule concerning repeals by implication. Coming back therefore to the real kernel of the controversy, we affirm that there is no inconsistency between the proviso and said chapter 108. Both may be enforced, and neither trenches upon the provisions of the other. Chapter 108 says that in all cases the county shall be liable. The universality of this liability is not to be denied; it is the last affirmation of the legislative intent. But for what is this liability affirmed? It is for "the fees prescribed by this act in criminal cases." And in this, the language of the original section is not changed. This, of course, means not the fees prescribed by one section of the act alone, but the fees prescribed by all the sections, and with all the limitations and conditions upon which such fees are taxed. The chapter does not purport to increase any fees, it does not authorize the taxing of additional costs; it simply extends the liability of the county to additional cases. It does not authorize the taxation of a single cent of additional costs. It only says that the

county shall be liable in all, instead of only a few cases. It affirms only the fact of liability, leaving the measure of liability to stand as it was. That measure was ten dollars. An affirmation that the county shall be liable for this sum carries no sort of implication that it shall be liable for more.

Other restrictions and provisos appear in chapter 39. They are noted by counsel in his brief. We mention one. In § 13, justices are allowed twenty-five cents for issuing any writ, process or order, with a proviso that all names included in one precipe shall be put in one subpena, unless the party otherwise request. Can it for a moment be thought that this limitation on the accumulation of costs is wiped out by an amendment of a section which touches only the question of when the county shall become liable?

We add that the proviso extends to all criminal cases brought in a justice's court, whether for preliminary examination or final trial, whether felony or misdemeanor, and refers to all the costs in that court.

The ruling of the district court is correct, and its judgment must be affirmed.

All the Justices concurring.