THE BOARD OF COMMISSIONERS OF BARTON COUNTY V. BENJAMIN NEGBAUR.

COUNTY, *When Not Liable for Costs.* Prior to the enactment of chapter 108 of the Laws of 1881, a county was not liable for costs in a prosecution wherein the accused was charged with a felony, but was convicted of only a misdemeanor that was included in such charge.

*Error from Barton District Court.*

BENJAMIN NEGBAUR brought an action in the district court of Barton county against *The Board of Commissioners* of said county, and in his petition stated:

"Comes now the plaintiff, Benjamin Negbaur, and complains of the defendant, the board of commissioners of Barton county, Kansas, saying: That on or about the first day of May, 1879, complaint was made in writing before W. H. Odell, justice of the peace of Great Bend township, Barton county, Kansas, charging one C. H. Cason with embezzling the sum of $1,000; that said action was a criminal action in the name of the state of Kansas as plaintiff, and was prosecuted by the county attorney of said county; that by the consideration of the justice of the peace said C. H. Cason was bound over to answer said charge in the district court for said county; that afterward the county attorney of Barton county, Kansas, filed in said district court an information charging said C. H. Cason with embezzling the sum of $1,000; that at the September term, 1880, of said district court, said Cason

was convicted upon said information of embezzling $15, and a fine was imposed upon him by the court, and by order of the court the costs of the prosecution were taxed to said Cason; that the following persons, in response to subpena issued by the justice of the peace and the district court, respectively, attended as witnesses for the state upon said court the number of days hereinafter mentioned, and traveled the miles hereinafter set forth, and earned the fees herein fully set forth, to wit: [Here follow the names of the witnesses, with the fees assessed for each;] that each of the above-named persons has transferred, assigned and set over his claim for said fees to the plaintiff, who is now the owner thereof.

"Plaintiff says that a fee-bill, approved by the county attorney as provided by law, was filed by the clerk of the district court of Barton county, Kansas, in the office of the county clerk of said county, and returned to the board of county commisioners of said county in October, 1880, which fee-bill shows the attendance, mileage and fees of the above-named witnesses to be as heretofore stated; that upon the — day of ——, 1880, an execution was issued upon said judgment for costs against C. H. Cason, and returned by the sheriff of Barton county, 'No property can be found belonging to C. H. Cason;' that on the — day of October, 1881, the sheriff and the clerk of the district court of Barton county, Kansas, filed with the commissioners of said county their affidavit, stating that the costs adjudged against Cason could not be collected from him. Plaintiff alleges that said costs cannot be collected from said C. H. Cason; that the commissioners of said county, well knowing the premises, have refused, and still refuse, to allow and to pay said fees, although payment has been demanded.

"Wherefore, plaintiff prays judgment against defendants for the sum of two hundred and ninety-five and 50–100 dollars, with interest thereon at 7 per cent. from November 1, 1881, and costs of suit."

To this petition the defendant board filed a demurrer upon the ground that the petition did not state facts sufficient to constitute a cause of action against it. The cause came on to be heard upon the demurrer at the November Term, 1883, when it was overruled by the court; and the defendant electing to stand upon its demurrer, judgment was rendered against it in the sum of three hundred and thirty-eight and 32–100

dollars.   *The Board* excepted to the ruling of the court upon the demurrer, and brings the case to this court.

*C. F. Diffenbacher,* and *Waters & Ensminger,* for plaintiff in error.

*Maher & Osmond,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The claim sued on in this case was for the fees of witnesses for the state in a criminal prosecution in Barton county.   C. H. Cason was charged with embezzling the sum of $1,000, and at a preliminary examination before a justice of the peace of that county was recognized to the district court to answer the charge, where he was tried at the September term, 1880, and convicted of embezzling $15, for which he was sentenced to pay a fine and the costs of prosecution. As the defendant in that prosecution was unable to pay the costs, the witnesses for the state seek to recover them from the county.   It will be observed that the fees sued for were earned, and the conviction obtained in that case, long prior to the enactment of chapter 108 of the laws of 1881, which has repealed some of the provisions then existing respecting costs in criminal cases, and has created a liability against the county for such costs, which did not exist prior to the taking effect of that law. (*Comm'rs of Labette Co. v. Keirsey,* 28 Kas. 40.)

The defendant in error, plaintiff below, bases his right to recover upon § 325 of the criminal code, which provides that—

"The costs incurred on the part of the prosecution shall be paid by the county in which the offense is committed, when the defendant shall be convicted and shall be unable to pay them."

This general provision, as has been decided, was limited by § 27 of chapter 83, Comp. Laws of 1879.   The last-mentioned section was later legislation, and provided that no costs should be paid by the county in any case of misdemeanor of which a justice of the peace had jurisdiction, when the complainant or

defendant shall be adjudged to pay them. (*Comm'rs of Johnson Co. v. Wilson,* 19 Kas. 485.)

The claim of counsel for defendant in error, however, is that the case of the State of Kansas *v.* C. H. Cason was a prosecution for felony, and therefore did not come within the prohibition of the section last quoted. They say that the original complaint charged a felony; the justice of the peace bound over the accused, finding that there was probable cause for believing that felony had been committed; the county attorney filed an information charging a felony, and the defendant had a trial as for a felony; and that all these things give character to the case and entitle it to be classed as a case of felony. It will be seen that in this case the defendant was convicted of only a misdemeanor. The offense of which the accused is guilty is to be determined by the verdict and not by the charge. We think that so far as the question of liability for costs, under the statute as it then existed, is concerned, the case is to be classed, and its character determined, by the conviction. It was held in *The State v. O'Kane* that where an information charges an offense which includes both a misdemeanor and a felony, and the jury find the defendant guilty of a misdemeanor only, the defendant can only be required to pay costs as for a misdemeanor. (23 Kas. 244.) Upon the same question, see also *The State v. Granville,* 26 Kas. 158. No reason is seen for the application of a different rule where the liability is sought to be imposed upon the county in such a case; and within the principles announced in these decisions, we must hold that the county is not liable for the costs sued for.

County, when not liable for costs.

The judgment of the district court will be reversed, and the cause remanded with instructions to sustain the demurrer filed in the court below by the plaintiff in error.

All the Justices concurring.