PAULY JAIL-BLDG. & MANUF'G CO. v. BOARD OF COM'RS OF KEARNEY COUNTY.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

No. 532.

COUNTY COMMISSIONERS—POWERS—KANSAS STATUTE.

The statutes of Kansas (1 Gen. St. 1889, par. 1633) provide that boards of county commissioners (who have power to purchase sites for, build, and keep in repair, county buildings, levy taxes therefor, and care for the county property) shall not build "any permanent county buildings," or assess any tax for that purpose, without submitting the question to a vote of the electors of the county. *Held*, following the decision of the supreme court of Kansas, that a board of county commissioners has power, without a vote of the electors, to make a contract for the erection of cells in the jail building of the county.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action by the Pauly Jail-Building & Manufacturing Company against the board of county commissioners of Kearney county, Kansas, on a contract for the erection of cells in a jail. Judgment was rendered in the circuit court for the defendants. Plaintiff brings error.

Milton Brown (J. W. Phillips, of counsel), for plaintiff in error.

M. G. Kelso, Joseph W. Ady, Samuel R. Peters, and John C. Nicholson, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. Is it beyond the powers of the board of county commissioners of a county in the state of Kansas to make a contract for the manufacture and erection of cells in the cell room of the jail building of the county without submitting the question of the purchase of such cells to the voters of the county? This is the single question presented in this case. The Pauly Jail-Building & Manufacturing Company, the plaintiff in error, brought an action in the court below against the board of county commissioners of Kearney county, Kan., the defendant in error, to recover the purchase price of two cells which the plaintiff had furnished to the defendant pursuant to a written contract between them. A jury trial was waived, and the court, after hearing the evidence, made and filed special findings of fact to the effect that the plaintiff had agreed with the defendant, for the sum of $6,000, to manufacture and erect in the cell room of the jail building in the town of Lakin, in the county of Kearney and state of Kansas, two cells, furnished complete, and ready for occupancy, including all the attachments connected therewith, in accordance with the specifica-

tions attached to the contract; that the plaintiff had delivered the jail cells at the town of Lakin, pursuant to the contract, but that the defendant had refused to accept or pay for them; and that the question of purchasing, and of authorizing a levy to purchase, the cells had never been submitted to the voters of the county. From these facts the court drew the conclusion of law that the contract was for a jail, and not for the furniture or fixtures for a jail building, and that the board of county commissioners had no authority to make the contract without a vote of the people, and entered judgment for the defendant. The error assigned is that the findings of fact are insufficient to support this judgment, and that the legal conclusion from these facts is a judgment for the plaintiff.

It is settled both by statute and by judicial decision, in the state of Kansas, that it is the duty of the board of county commissioners of each county to furnish a good and sufficient jail in their own county. 1 Gen. St. Kan. 1889, par. 1614; Board of Com'rs v. Honn, 23 Kan. 256. The provisions of the statutes of Kansas material to the issue presented in this case are as follows:

"The board of county commissioners of each county shall have power, at any meeting; * * * Third. To purchase sites for, and to build and keep in repair county buildings, and cause the same to be insured in the name of the county treasurer, for the benefit of the county; and, in case there are no county buildings, to provide suitable rooms for county purposes. Fourth. Apportion and order the levying of taxes as provided by law, a sum sufficient for the erection of county buildings, or to meet the current expenses of the county, in case of a deficit in the county revenue. Fifth. To represent the county'and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law." 1 Gen. St. Kan. 1889, par. 1630. "No board of county commissioners shall proceed to build any permanent county buildings, and assess any tax for that purpose, without first submitting the question to a vote of the electors of the county at some general or special election." Id. par. 1633.

The extent of the powers and of the liabilities of counties in states, and of their officers, must necessarily be determined by an examination and construction of the constitution and statutes which grant the powers and impose the liabilities. The national courts uniformly follow the construction of the constitution and statutes of the state which grants these powers and imposes these liabilities that is given to them by the highest judicial tribunal of that state, in all cases that involve no question of general or commercial law, and no question of right under the constitution and laws of the nation. Madden v. Lancaster Co., 12 C. C. A. 566, 65 Fed. 188, 192; Dempsey v. Township of Oswego, 4 U. S. App. 416, 435, 2 C. C. A. 110, 51 Fed. 97; Rugan v. Sabin, 10 U. S. App. 519, 3 C. C. A. 578, 53 Fed. 415, 420; Travelers' Ins. Co. v. Oswego Tp., 7 C. C. A. 669, 674, 59 Fed. 58; Claiborne Co. v. Brooks, 111 U. S. 400, 410, 4 Sup. Ct. 489; Bolles v. Brimfield, 120 U. S. 759, 763, 7 Sup. Ct. 736; Detroit v. Osborne, 135 U. S. 492, 499, 10 Sup. Ct. 1012. The question before us is of this character, and it has been settled by a decision of the highest judicial tribunal of the state of Kansas, rendered in 1880. In State v. Harrison, 24 Kan. 271, it appeared that the board of county commissioners of Marion county, in that

state, had incurred an indebtedness of $7,450 for "additions, extensions, and improvements to the courthouse of said county," without submitting the question of the appropriation of money for this purpose, or of the construction of these improvements, to the legal voters of the county. The question presented was whether or not the board of county commissioners had acted beyond their power. The supreme court of that state declared that they had not. That court announced the rule for the construction of the statute defining the powers of county commissioners in these words:

"It is certainly true that, before the county commissioners of any county can appropriate any money for the purpose of erecting any permanent county building, it is necessary that such commissioners should first submit the question of appropriating such money or of erecting such building to the legal voters of the county. Comp. Laws 1879, p. 276, § 18; State v. Marion Co. [21 Kan. 419] supra. But, for the purpose of making necessary repairs or alterations of an already existing courthouse, it is not necessary that the question should be so submitted."

In that case the supreme court of Kansas was considering the same statutes that are now before this court for construction, and the rule it announced has never been modified in that state. It is decisive of the question presented in this case, and must control its decision in this court. It cannot be successfully maintained that either one or two cells in a jail building constitute "a permanent county building." No argument or illustration can make this proposition much clearer than its statement. A cell is but a very small room,—a room not much larger than many closets in private houses; and it can hardly be contended that the manufacture and erection of a room in a building, whether small or large, would be forbidden by an inhibition to construct a permanent building. The judgment below must be reversed, with costs, and the cause remanded, with directions to grant a new trial, and it is so ordered.