[S. F. No. 1235.   Department Two.—March 17, 1900.]

E. SCHWIESAU, Respondent, v. T. J. MAHON, Appellant.

Street Assessment—Construction of Culverts and Curbing—Materials not Named in Resolution.—A street assessment cannot be enforced for the construction of culverts and curbing, where the materials out of which they are to be constructed are not named in the resolution of intention.

Id.—Specifications in Order for Doing the Work—Defective Resolution not Aided—Case Overruled.—The defective resolution of intention cannot be aided by subsequently detailed specifications prepared by the city engineer and set forth in the order for doing the work and inviting sealed proposals therefor. Deady v. Townsend, 57 Cal. 598, overruled.

Id.—Description of Character of Work in Resolution—Following Language of Statute—Case Limited.—It is only where the language of the statute of itself shows the character of the work to be done that it is sufficient to follow the language of the statute in the resolution of intention. In all other cases there must be such a description of the work in the resolution as will show the nature of the materials to be used in doing the work. Emery v. San Francisco Gas Co., 28 Cal. 376, limited.

APPEAL from a judgment of the Superior Court of Marin County. F. M. Angellotti, Judge.

The facts are stated in the opinion.

Hepburn Wilkins, for Appellant.

D. H. Whittemore, for Respondent.

CHIPMAN, C.—Action to foreclose a lien for street work in the city of San Rafael. Plaintiff had judgment, from which this appeal is taken on the judgment-roll alone. The resolution of intention described the work to be done as follows: "That First street, from the westerly line of B street westerly to the easterly line of D street, . . . . be graded to the official grade and macadamized, and that rock gutterways be constructed therein, and that culverts be constructed therein, and that curbing be constructed therein, and that the sidewalks on both sides of said street be graded to the official grade."

It is claimed by appellant that as to the culverts and curbing

the description in the resolution of the proposed work was insufficient to confer jurisdiction upon the board of city trustees to perform the work, because the materials of which the culverts and curbing were to be constructed were not named in the resolution.  (Citing *Bolton v. Gilleran,* 105 Cal. 244; 45 Am. St. Rep. 33; *San Jose Imp. Co. v. Auzerais,* 106 Cal. 498.)

It appears from the findings of the court that notice of the passage of the resolution of intention was duly posted, and the board duly made and passed a resolution ordering the work to be done, and this order was duly posted and published, as required by law; the order for doing the work directed that it should be done in accordance with the plans and specifications provided therefor by the city engineer, which were filed by him in the office of the superintendent of streets on the day the order was posted; the order set forth "the nature and character of said work to be done, with specifications in detail, inviting sealed proposals for doing said work."

For the purposes of this cause it must be assumed in the absence of the evidence, that "the nature and character of the work to be done, with specifications in detail," set forth in the order and notice thereof, included the materials to be used as well as the character of the curbs and culverts; there could not well be specifications in detail which did not state the materials to be used.  If the fact had been otherwise, appellant should have so shown by bringing up the evidence through appropriate proceedings.  The question then is, Did the board acquire jurisdiction, notwithstanding it failed to mention in the resolution of intention the materials out of which the curbs and culverts were to have been constructed?

Section 3 of the street assessment act (Stats. 1891, p. 196) reads: "Before ordering any work done or improvement made, which is authorized by section 2 of this act, the city council shall pass a resolution of intention so to do, and describing the work," etc.  The section requires the street superintendent to cause to be posted notices of the passage of said resolution, and this notice shall "state the fact of the passage of the resolution, its date, and briefly the work or improvement proposed, and refer to the resolution for further particulars."  The owners of property affected may make written objection to the same, and such

objections shall be a bar for six months to any further proceedings in relation to the doing of said work; but the council may order a hearing of the objections when the work is of the kind here mentioned, and its decision shall be conclusive and work a removal of the bar aforesaid. Undoubtedly, the resolution of intention should sufficiently describe the work contemplated to convey an intelligent idea of the improvement and its nature and extent. The resolution is the initial step, and by it alone the board acquired jurisdiction to subsequently order the work done. (*Bolton v. Gilleran, supra.*) No amount of particularity in following the statute in the subsequent steps can excuse a non-compliance with the provision requiring the board in its resolution of intention to describe the work. It is by this action that the board is to be guided and the property owner is to judge whether he will protest against or acquiesce in the proposed improvement. When the owner of property was told by the resolution in the present case that the street was to "be graded to the official grade and macadamized" he was given such description of the work as would intelligently convey the intention of the board as to the work contemplated, and its character and extent. The words, "grade to the official grade and macadamized," have well-understood meanings, and their use alone at once conveys to the mind the nature and character of the work and the materials to be used. So, when it was resolved that the sidewalks on both sides of the street should be graded to the official grade, no one could misunderstand the full extent of the work to be done; and in providing that "rock gutterways be constructed in the street" notice was given of the work and the material to be used. But simply to provide that "culverts be constructed therein" and "curbing be constructed therein" did not indicate whether the culverts were to be built of brick, iron, stone, wood, or other materials; and the same may be said of the curbs. To resolve that "culverts be constructed" is not "describing the work." The learned trial judge (whose opinion appears in respondent's brief) referred to certain cases decided by this court in support of his decision, *Emery v. San Francisco Gas Co.*, 28 Cal. 376, among them. The resolution in that case was that a certain street in San Francisco "be graded and macadamized." It was contended that it did not sufficiently describe

the work, but it was held sufficient, the court saying: "The board are not required to describe the work with any more exactness than it is described by the law itself. When the board say they intend to grade a certain street, they have said all that is needed by way of description. No property holder can be in any doubt as to what is to be done." We do not question the conclusion reached in that particular case, but we do question the rule laid down, to wit: "That the board are not required to describe the work with any more exactness than it is described in the law itself," if the rule is to be applied to all cases arising under the statute. Section 2 does not attempt to describe the work in any one instance; it merely enumerates, in a general way, the classes of improvements which the board is authorized to order made. Some of these convey sufficient description of their character and extent by naming them, while others do not. For example, the city council are empowered to order the whole or any portion of the streets, avenues, lanes, etc., "graded or regraded to the official grade." A resolution of intention to grade a street to the official grade, following the language of section 2 of the act, would be sufficient, for no one can doubt what is to be done. But the next power enumerated in the section is to order a street "paved or repaved." Section 3, as we have seen, provides that "before ordering any work done or improvement made, which is authorized by section 2 of this act, the city council shall pass a resolution of intention so to do, and describing the work," etc. Notice of this resolution must be posted and must state therein "briefly the work or improvement proposed, and refer to the resolution for further particulars." Now, suppose in the present case the work resolved upon had been to pave the street, and the resolution of intention had simply been "to pave the street," and the notice had been given referring to the resolution for further particulars, what information would the property owner have obtained? He would not know whether the street was to be paved with cobble-stones, asphalt, wooden blocks, or some of the numerous composite pavement materials now in use. We think the words "and describing the work" were introduced into section 3 for the obvious purpose of requiring the resolution of intention to set forth such a substantial description of the classes of improvements authorized by section 2 as would

inform those interested not only of the particular improvement resolved upon, as, for example, paving a street, but would also inform them of what material it was to be built. And so of sewers, curbs, culverts, or other similar work, the naming of which does not of itself convey to the mind its description. It may be true that the description should not be required to contain a plan and specifications in detail, as was held in *Harney v. Heller*, 47 Cal. 15, cited by the learned trial judge. In that case the resolution described the work as "a brick sewer, with manhole and cover," and while it was said to be an imperfect description, it was held sufficient. If the description in the resolution had been "a sewer" and nothing more, we think the decision should and no doubt would have been the other way. In *Deady v. Townsend*, 57 Cal. 298, also cited, the resolution was "that the crossing of McAllister and Polk streets be planked, and that the angular corners thereof be reconstructed." The objection was that the description as to the angular corners was insufficient. The court, by Morrison, C. J., said: "The meaning of the resolution is that the angular corners formed by the crossing of the two streets (McAllister and Polk) were to be reconstructed in accordance with plans and specifications to be prepared by the superintendent of streets, and we are of opinion that the resolution of intention was sufficiently certain." We cannot understand by what rule of construction or by what reasoning the court could reach the conclusion that the council meant, by its resolution above quoted, that the angular corners formed by the crossing of the streets were to be reconstructed in accordance with plans thereafter to be prepared; there is certainly nothing in the language of the resolution to indicate any such intention. Furthermore, we do not think the statute authorizes the board to pass a resolution of intention to do work, the description of which is to be furnished by plans and specifications yet to be prepared by some one. The description of the work called for in the statute must be given in the resolution. The act provides (section 3) that "before passing any resolution for the construction of said improvements, plans and specifications and careful estimates of the costs and expenses thereof shall be furnished to said city council, if required by it, by the city engineer of said city; and for the work of constructing sewers, specifications

shall always be furnished by him"; so that, except in the case of sewers, the council may not require plans and specifications before ordering the work. Section 5, however, provides for specifications "before the awarding of any contract by the city council for doing any work authorized by this act." Section 3 declares in terms that jurisdiction is acquired by the posting and publication of the resolution of intention, and it is clear to our minds that the resolution cannot be aided by the subsequent proceedings if it fails to sufficiently describe the work in the first instance. We are unable to reconcile the decision of the learned trial judge with the reasoning in the two cases cited by appellant but which the trial judge thought inapplicable. It is true that the precise point was not decided in either of the cases, but the view taken of the statute was the result of very careful consideration and we think rules this case. None of the points actually involved in the earlier cases relied upon by respondent can be said to necessarily conflict with these later and more carefully considered cases. It was said in the Auzerais case, in speaking, as we understand the opinion, of the necessity for "describing the work" in the resolution of intention: "It was the duty of the city council to determine in the first instance whether the curbs to be constructed along the line of the street should be of granite or of artificial stone." If this was true of the curbs in that case, it must be true of the curbing in the present case, and we think also of the culverts. In the Auzerais case the resolution undertook to describe the material, but it was in the alternative—"granite or artificial stone curbing"—and so also were the order and the contract, which resulted in leaving the choice with the contractor, whereas the court held that the council alone could determine the matter. Nevertheless, we think the statement in the opinion above quoted correctly interprets the meaning of section 3, and must control this case. The other points suggested by appellant do not call for special notice in view of what has already been said.

We advise that the judgment be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.    Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.