[S. F. No. 2415.   Department One. — May 31, 1901.]

## BAY ROCK COMPANY, Respondent, v. JAMES EVELYN BELL et al., Appellants.

Street-improvement — Resolution of Intention — Description of Work. — The resolution of intention to make a street-improvement must intelligibly describe the work to be done in all and each of its material parts; and a failure of description in any material part of the work vitiates the resolution as a whole, and makes void any contract and any assessment based thereon.

Id. — Insufficient Description of Curbs and Gutters. — A resolution of intention which, though sufficiently describing the proposed grading and macadamizing of the street, and containing a reference to specifications as to the proposed culverts, macadamizing, and cross-walks, yet neither intelligibly describes nor refers to any description of the materials for the proposed curbs and gutters included in the resolution, is void, and cannot support any contract or assessment.

Id. — Actual Description in Specifications not Referred to. — The actual description of the materials for the curbs and gutters, together with a partially detailed description of how they were to be constructed, contained in the specifications for the work, no part of which description was referred to in the resolution of intention, cannot aid the resolution nor render it valid.

Id. — Omission of Reference Presumed Intentional. — The resolution of intention, in providing specifically only that the macadamizing, culverts,. and cross-walks shall be constructed in accordance with " the special specifications adopted for said work," must be presumed to have intentionally omitted any such direction as to the curbs and gutters.

Id. — Proceedings in Invitum — Uncertainty. — The proceedings being *in invitum*, that which is uncertain in description, in the resolution of intention, cannot be held certain.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.   F. B. Ogden, Judge.

The facts are stated in the opinion.

R. M. F. Soto, Charles Stewart, and Noble Hamilton, for Appellants.

William Lair Hill, for Respondent.

CHIPMAN, C.— Action to foreclose lien for street-work in the town of Berkeley.   Plaintiff had judgment, from which and from the order denying their motion for a new trial defendants appeal.

The resolution of intention described the work to be done as follows: "That San Pablo Avenue, in said town, . . . be graded for its full width to the official lines and grade, curbed, guttered, and macadamized, and that cross-walks be constructed across said San Pablo Avenue," at certain named street crossings, "and that a culvert be constructed on the east side of said San Pablo Avenue, across Hopkins Street." The resolution was adopted on September 14, 1891, and contained the following paragraph: "(e) That said macadamizing shall be done and said culvert and cross-walks shall be constructed under and in accordance with the special specifications adopted for said work by said board on the fourteenth day of September, 1891."

Respondent's counsel states with admirable conciseness certain principles of settled law in this class of cases, which, to shorten the discussion, he concedes without cavil: 1. The resolution of intention is the jurisdictional foundation of the proceedings, and failure to comply with the requirements of the statute with respect to the contents of the resolution is fatal to a contract founded upon it, and to any assessment to pay the contractor for the work; 2. The statute requires that the resolution of intention shall contain an intelligible description of the proposed work, and without such description a contract founded upon the resolution is void; 3. Failure of the resolution of intention to describe the work cannot be obviated by putting a sufficient description into any subsequent part of the proceedings; 4. Unless the resolution of intention is published as prescribed by the statute, no valid contract can be made under it.

In declaring that the street should be "graded for its full width to the official lines and grade, . . . and macadamized," the resolution sufficiently described that part of the work. (*Schwiesau* v. *Mahon*, 128 Cal. 114.)   But the resolution also required that the street be "curbed, guttered, . . . and that cross-walks be constructed across" certain streets named, "and that a culvert be constructed on the east side of San Pablo Avenue, across Hopkins Street."

The resolution contained the provision already quoted,

paragraph (e) referring to certain special specifications for said work, adopted on the same day on which the resolution was adopted, and probably preceded the latter. But it will be observed that this provision does not include the curbs and gutters, so that if the specifications may be referred to as part of the resolution as to the culverts and macadamizing and cross-walks, we find no such direction or authority in the resolution as to the material out of which the curbs and gutters are to be constructed, nor does the resolution direct or authorize the property owner to look to the specifications to learn these facts. It is not required by the statute that specifications shall precede the resolution, or that they shall have been prepared at the same time and be made part of it. The act requires only that the resolution shall sufficiently describe the work contemplated, to convey an intelligent idea of the improvement, and its nature and extent, and plans and specifications are not required, except in the case of sewers, before the work is ordered. (*Schwiesau* v. *Mahon*, 128 Cal. 114.)

In preparing specifications to form part of the resolution, the board would be doing something not required by the act, and if this course may be permissible,—which we do not decide,—the specifications could be made a part of the resolution only by a clear expression of intention so to do, and it is at least doubtful whether anything short of setting forth the specifications in full in the resolution would accomplish such object. However this may be, it is certain that any reference in the resolution to any of the work to be done in accordance with specifications already adopted, to be effective, would have to clearly point out the work to be so done. The most that can be said of the resolution here, in this regard, is, that it directs only a part of the work to be done according to specifications then adopted,—namely, macadamizing, culverts, and cross-walks,—and it entirely omits any reference to the curbs and gutters. Turning to the specifications, we find that they provide that "the curbing shall be of sound No. 1 redwood plank, three inches by twelve inches, free from sap, well and truly set to the official line and grade," stating how to be spiked, etc.; and as to the gutters, that they "shall be not less than three feet or more than five feet wide, as specified in order of work. They shall be of rock classed as No. 1 in ordinance No. 334. The stones shall be, at least, of six inches in depth, the upper surface smooth, and an area of not more than four

blocks to the square foot." No such particularity is required to be stated in the resolution. It would have been sufficient for the resolution, had it stated that the curbing should be constructed of redwood, and that the gutters should be constructed of rock. It has been often held that the resolution need not be sufficient, in its description of the work, to constitute specifications. But where the work is such as will admit of construction by different materials, varying in value, durability, and cost of construction, something more is called for in the resolution than to simply designate the work itself. As has been already said, when we speak of macadamizing a street the mind at once comprehends the nature and character of the work, but this is not true of sewers, culverts, and the like work. With regard to curbs and gutters, the specifications show that they fall within this latter class, for stone, wood, or concrete could have been used for either or both, instead of the material designated in the specifications. The only question, then, is, Does the resolution describe the work by reason of the reference therein made to the specifications? Conceding, but not deciding, that reference in the resolution of intention may be made to the specifications adopted by a separate resolution or ordinance on the same day, we do not think the reference in the present case included the curbs and gutters. In providing specifically that the macadamizing, culverts, and cross-walks shall be constructed in accordance with "the special specifications adopted for said work," and omitting any such direction as to the curbs and gutters, we must conclude that the omission was intentional. In any event, the proceedings being *in invitum*, we are not permitted to hold to be certain that which is uncertain (*Labs* v. *Cooper*, 107 Cal. 656); and the resolution is far from being certain in the matter just noticed. The owner of property could not, from an inspection of the resolution, determine that the curbs and gutters were to be constructed according to the specifications; indeed, seeing other work enumerated so to be done, and not finding the curbs and gutters in the list, he might well conclude that as to them no specifications were made, and no materials being designated, he might object to the work for this very reason. If he did not object, the omission being fatal to jurisdiction, he may now object.

It was held in *Fay* v. *Reed*, 128 Cal. 357, that the requirement that the resolution shall describe the work applies to all

and each of its material parts; and a failure of description in any material part of the work vitiates the resolution as a whole, and renders void a bid and contract to do the work proposed by the resolution, inclusive of the defective part, and no street-assessment can be enforced under such contract.

It is regrettable that so many of these cases occur, where the court is forced to so decide as that work done—often in entire good faith—must go without compensation. But no course is open, except to consistently adhere to rules and principles established by a long series of decisions, departure from which would not only lead to uncertainty as to what the law is, but would open the door to abuses not to be tolerated.

Appellant presents numerous other objections to the proceeding, and among others challenges the constitutionality of the Vrooman Act. It is not necessary to pass upon these matters. The assessment was void for the reasons already stated, and therefore the decree foreclosing plaintiff's lien cannot be sustained.

The judgment and order should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Van Dyke, J., Garoutte, J., Temple, J.