[Sac. No. 915.     Department One. — October 11, 1901.]

P. McDONNELL, Respondent, v. P. GILLON, Appellant.

STREET-IMPROVEMENT — SEWERS — FLUSH-TANK — INSUFFICIENT DESCRIPTION IN RESOLUTION — VOID BID AND CONTRACT. — A resolution of intention to improve certain streets by constructing sewers thereon, with cribbing, manholes, and a flush-tank, which wholly fails to describe the dimensions of the flush-tank, or the materials from which it is to be constructed, or where or how it is to be connected with any one of the sewers, or to show whether one flush-tank would serve for all of them, and which is not aided in description by any specifications therefor, fails to describe a material part of the work; and such failure vitiates the resolution as a whole, and renders void a bid and contract to do the work proposed by the resolution, inclusive of the flush-tank.

ID. — RESOLUTION OF INTENTION JURISDICTIONAL — CARE IN DESCRIPTION. — The resolution of intention is the initial step, by which alone the board acquires jurisdiction to order the work done, and it must so describe it as to convey an intelligent idea of the improvement, and its nature and extent. A little more care in this initial and jurisdictional step would protect all parties, and avoid all question, by a proper description of each distinct part of the proposed improvement.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion.

Stoney & Stoney, for Appellant.

L. G. Harrier, and Coghlan & Harvey, for Respondent.

CHIPMAN, C.—Action to foreclose a lien for street-assessment for the construction of certain sewers and other work in the city of Vallejo.   Plaintiff had judgment, from which defendant appeals.

The resolution of intention described certain sewers; namely, a sewer 800 feet along the center of Main Street; a sewer 365 feet along Sonoma Street; a sewer 365 feet along a certain alley; a sewer 720 feet "along the center line of Sutter Street, to and extending into the bay of Vallejo to the middle intersection of Maryland and Sutter streets, a distance of 700 feet, including 100 feet cribbing."   These sewers were of different dimensions.   Also, "one manhole, to be constructed 4 feet, inside diameter, at the middle intersection of Main and Napa streets"; two other manholes, similarly described, at the intersection of other streets; also, "one flush-tank, to be constructed at the corner of El Dorado and Main streets."

Appellant contends that the notice of intention failed to "describe the work" as to the manholes, the flush-tank, and the cribbing.

It is well settled that the resolution of intention should so describe the work as to convey an intelligent idea of the improvement and its nature and extent.   The resolution is the initial step, and by it alone the board acquired jurisdiction to subsequently order the work done.   (*Schwiesau* v. *Mahon*, 128 Cal. 114; citing *Bolton* v. *Gilleran*, 105 Cal. 244.[1]   See also *Fay* v. *Reed*, 128 Cal. 357, and *Bay Rock Co.* v. *Bell*, 133 Cal. 150.)

Respondent contends that *Perine* v. *Forbush*, 97 Cal. 312, "recognized the right to have a piece of street-work regarded as an entirety," and that the manholes, flush-tank, and cribbing were but necessary parts of the sewers, and "reasonably related thereto," from which we suppose it is intended to be understood, that if the sewers are sufficiently described, their.

[1] 45 Am. St. Rep. 33.

several necessary parts would also be described. One of the sewers was to be constructed of terra-cotta pipe; one of ironstone sewer-pipe; two of vitrified salt-glazed ironstone.

There is no description of the dimensions of the flush-tank nor of the material from which it is to be constructed, nor how or where it is to be connected with any one of the sewers. All that is said about it is: "One flush-tank, to be constructed at the corner of El Dorado and Main streets." Can it be claimed that we must infer that it was to be constructed of the same material as the sewers? If so, which one of them? It is not at all likely, however, that this flush-tank would be built of the material used in any one of the sewers.

There are many sewers without flush-tanks; they form no necessary part of a sewer. In the present case, there appears to be but one, while there are four different sewers; whether one flush-tank would serve for all of them does not appear. We are not aided by any description of this tank by referring to the specifications, if we were permitted to look there in aid of the resolution,—which we are not, for no description is there given, other than appears in the resolution,—and in plaintiff's bid for the work he simply says, "Flush-tank, $50."

It may be understood from the resolution, in using the words, "one flush-tank, to be constructed at the corner of El Dorado and Main streets," that the purpose was to erect a receptacle in which water could be stored and thence forced through the sewer to cleanse it and free it from noxious accumulations. But the dimensions and material and possible cost could not be understood; nor can it be said that the description, "one flush-tank, to be constructed," would at once convey to the mind the nature and character of the work, and the materials to be used in the construction. We do not think that the flush-tank was sufficiently described, and it becomes unnecessary to pass upon the other objections made by appellant.

It was held in *Fay* v. *Reed*, 128 Cal. 357, that a failure of description in any material part of the work vitiates the resolution as a whole, and renders void a bid and contract to do the work proposed by the resolution, inclusive of the defective part. So held, also, in *Bay Rock Co.* v. *Bell*, 133 Cal. 150.

Respondent refers to recent decisions of the court, in con-

struing the statute, as imposing "hard conditions"; that they are in "such strong contrast with previous rulings of the supreme court of the state, that their application to these proceedings appears to be *ex post facto*." And it is asked, "If a man works and acts according to the law as laid down and interpreted by the highest authority, and is then wrong, when can he be safe?" The recent decisions to which respondent refers rest upon a long line of cases holding uniformly to substantially the same construction of the law. In truth, appeals involving the question here presented are the result of inattention to the requirements of the law in preparing the resolution of intention. How easy it would have been to avoid all question in this case, by saying in the resolution: One brick manhole (giving dimensions) with iron cover; one flush-tank (giving dimensions, or capacity in gallons), to be constructed of (giving materials); a sewer, etc., including 100 feet of cribbing, to be constructed of (giving materials of cribbing). A little more care in the initiatory step would protect all parties, and prevent appeals such as the one before us, and would relieve the court from the disagreeable necessity of holding assessments to be void.

It is advised that the judgment be reversed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Harrison, J., Garoutte, J., Van Dyke, J.