[Sac. No. 967.   Department One.—July 24, 1902.]

# H. E. WILLIAMSON, Appellant, v. ALFRED JOYCE et al., Respondents.

STREET IMPROVEMENT—SEWERS—RESOLUTION OF INTENTION—INSUFFI-
CIENT DESCRIPTION—VOID ASSESSMENT.—A resolution of intention
to improve certain streets, by the construction of sewers thereon,
which does not mention the material with which the several streets
are to be sewered, or the number of branch sewers to be laid from
the lateral sewers, or the character of the "automatic flushing
apparatus" required, does not sufficiently describe the work to give
the council jurisdiction to order it done, and the assessment therefor
is void and cannot create a lien.

APPEAL from a judgment of the Superior Court of San
Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Joshua B. Webster, for Appellant.

S. M. Spurrier, for Alfred Joyce, Respondent.

Charles DeLegh, for David Winders, Respondent.

HARRISON, J.—Action to foreclose the lien of a street
assessment upon certain property in the city of Stockton.
The court sustained a demurrer to the complaint, and from
the judgment thereon in favor of the defendants the plaintiff
has appealed.

The complaint is in the ordinary form for the foreclosure of
the lien of a street assessment, and sets forth the various pro-
ceedings taken therefor, from and including the resolution of
intention down to and including the recording of the return
upon the warrant issued upon the assessment.   In the resolu-
tion of intention the city council resolved that it was their
intention to order the following described work and improve-
ment in said city to be done and made, viz.: "That Oak Street,
in said city, from the center line of Grant Street to the center
line of Pilgrim Street; that Grant, Aurora, Sacramento,
Union, and Pilgrim streets, each from a point 210 feet north
of the north line of Oak Street to a point 260 feet south of the

south line of Oak Street, be sewered; that is to say, that lateral sewers be constructed on said streets within the aforesaid limits, and that branch sewers be laid from said lateral sewers to the curb lines on each side, and that manholes be constructed at each of the terminations of said lateral sewers and at each of the intersections of Aurora, Sacramento, Union, and Pilgrim streets with Oak Street, and that the manholes at the termination of said lateral sewers be provided with automatic flushing apparatus." Under repeated decisions of this court, this resolution of intention did not "describe the work," as required by section 3 of the Street Improvement Act; and as the council did not therefore obtain jurisdiction to order the work, the assessment therefor created no lien upon the property described in the complaint. (*Schwiesau* v. *Mahon*, 128 Cal. 114; *Fay* v. *Reed*, 128 Cal. 357; *Bay Rock Co.* v. *Bell*, 133 Cal. 150; *McDonnell* v. *Gillon*, 134 Cal. 329.) The resolution does not mention the material with which the several streets are to be "sewered," or the number of branch sewers to be laid from the lateral sewers, or the character of the "automatic flushing apparatus."

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.