[Civ. No. 201.   Second Appellate District.—May 31, 1906.]

COUNTY OF RIVERSIDE, Appellant, v. YAWMAN & ERBE MANUFACTURING COMPANY, Respondent.

COUNTY GOVERNMENT ACT—COMPETITIVE BIDS FOR "SUPPLIES"—FURNITURE FOR COURTHOUSE NOT INCLUDED.—Subdivision 21 of section 25 of the County Government Act of 1897, requiring annual competitive bids for "stationery, clothing, bedding, groceries, provisions, drugs, medicines and all other supplies," relates only to ordinary "supplies" required to be kept and replenished annually, and does not include the purchase of furniture for use in the

county offices in the courthouse of the county, which is expressly provided for in subdivision 8 of section 25, and section 4 of that act, and requires no competitive bid therefor.

ID.—PURCHASING POWERS OF SUPERVISORS—"AUTHORITY OF LAW".—MONEY PAID NOT RECOVERABLE.—The board of supervisors of a county, in the absence of statutory restriction, may purchase personal property in the open market in like manner as other purchasers, and unless there be some statutory mode of purchase which is the measure of their power, such purchase is not "without authority of law," and warrants issued therefor are not "without authority of law"; and money paid therefor cannot be recovered from the purchasers as being "unauthorized by the law" under the terms of section 8 of the County Government Act of 1897.

ID.—FINAL ACTION OF SUPERVISORS—ALLOWANCE OF CLAIM—COLLATERAL ATTACK.—Where the board of supervisors in considering a claim presented for the purchase of furniture for the courthouse, and acting in its judicial capacity, and within its peculiar province, has passed upon the questions of fact involved in the purchase, and determined the correctness of the claim, and allowed the same, its determination is final, and cannot be assailed collaterally.

ID.—UNTENABLE ACTION BY COUNTY—RETENTION OF PROPERTY PURCHASED.—An action by the county to recover the money paid for the purchase price of such furniture with penalty, the complaint in which affirmatively shows that the board of supervisors had purchased and paid for the furniture, and that the county still retains the use of it, is wholly untenable. It cannot be held that the legislature intended to discourage common honesty as applied to public corporations, and that the courts were to be made "handmaidens of iniquity."

APPEAL from a judgment of the Superior Court of Riverside County, and from an order sustaining a demurrer to the complaint. B. F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

Lyman Evans, and A. A. Adair, for Appellant.

Gill & Densmore, for Respondent.

ALLEN, J.—This is an appeal by plaintiff from an order sustaining a demurrer to the complaint and judgment thereon in favor of defendant.

The material facts involved are these: The board of supervisors of Riverside county purchased, without preliminary publication or competitive bidding, certain furnishings for use in the county offices in the courthouse of that county. The agreed price and value thereof, as shown by a verified claim, was by the district attorney certified as a proper charge against the county. The board allowed the claim and the same was regularly paid by the treasurer. A grand jury of the county subsequently determined that such payment was without authority of law and directed the district attorney to institute this suit for the recovery of the amount paid, together with a penalty of twenty per cent. Their action and this suit is based upon section 8 of the county government act of 1897, which provides: ". . . whenever any county officer has drawn any warrant . . . in favor of any other person, without being authorized by the Board of Supervisors, or by the law, and the same shall have been paid, the district attorney of such county is hereby empowered . . . to institute suit, in the name of the county, against such person or persons, to recover the money so paid, and twenty per cent damages for the use thereof."

And upon the construction of subdivision 21 of section 25 of such act, which provides: "The Board of Supervisors of the several counties shall annually advertise, for at least ten days in a newspaper of general circulation in the county, for sealed bids for furnishing the county with stationery, clothing, bedding, groceries, provisions, drugs, medicines, and all other supplies. All bids shall be on a schedule, showing all articles needed in the several offices and departments, prepared by the clerk of the board, shall state separately the price of each article to be furnished, and any person may bid upon any article separately."

It is insisted that furnishings for a courthouse are "other supplies" within the meaning of the law, and that there being no publication or bids therefor, or schedule prepared as provided, the purchase and payment were, therefore, without authority of law. We are of opinion that from a reading of the whole subdivision, it is apparent that the term "other supplies" has reference to ordinary supplies which the board is required to keep for use and replenish annually, if needed,

for distribution among the county officers; that furniture for courthouse is not, in the contemplation of such act, ordinary supplies. This construction is accentuated by subdivision 8, section 25, of the same act, which confers express authority upon the board to erect, rebuild, or furnish a courthouse, and with reference to which furnishing no publication or competitive bidding is expressly required. In addition, the board by virtue of section 4 of the act is given authority, generally, to purchase such personal property as may be necessary in the exercise of its powers. This construction of subdivision 21 is in line with the construction given by the supreme court of subdivision 8 in *McGowan* v. *Ford,* 107 Cal. 183, [40 Pac. 231], where it was held that repairing and altering a courthouse, or improving the grounds around it, was not included in the subdivision having reference to the publication and bids for the erection and construction of a building, the doctrine of which case being that the general power to contract may be exercised unless there is an express mode provided by statute. Nor have we involved here any such question as was involved in *Swasey* v. *County of Shasta,* 141 Cal. 394, [74 Pac. 1031], in which it was held that the erection and construction of a fence around a courthouse was included in the term "building," no doubt upon the theory that the building, fence, and property became real estate and was, in effect, one holding and a single entity. This cannot be said of the furniture in a house. Nor does the dictum in the case last mentioned affect the question here involved—the statement there being that "ordinary county supplies shall be bought after advertisement." The board of supervisors of a county, then, in the absence of statutory restrictions, may purchase personal property in the open market in like manner as other purchasers, and unless there be some mode of purchase which shall be held the measure of their power, such purchase is not without authority of law, and warrants issued therefor are not issued without authority of law.

It is insisted further that the demurrer to the complaint admits that a part of the furniture purchased and paid for had not been delivered when the board approved the bill. A demurrer only admits matters material. The allegation of the complaint that the board had passed upon and allowed

the bill is an allegation that the board, acting in a judicial capacity, had determined its correctness. It was the peculiar province of the board to pass upon the questions of fact involved in this purchase and having determined the same, it cannot be assailed collaterally. (*County of Alameda* v. *Evers*, 136 Cal. 133, [68 Pac. 475].) The same observations may be made with reference to the form in which the claim was presented. It affirmatively appears from the complaint that the board of supervisors has purchased, paid for and retained the use of certain personal property, and a court is asked to compel restitution with penalty in favor of such purchasers. The legislature never contemplated conferring such power upon a public corporation when it enacted section 8 of the county government act. The right there sought to be conferred was to recover money paid without authority of law. To say that one who receives property under a contract with the owner and retains and uses it is not authorized by law to pay for it, would be to say that a public corporation may take and use property for public purposes without compensating the owner, provided they can once get possession of it under the guise of a contract; and to say they may recover the purchase price actually paid without tendering back that which they have received, would be to say that our legislature intended to discourage common honesty as applied to public corporations, and that the courts were to be made "handmaidens of iniquity." We think, therefore, that this contract was valid in its inception, that the payment was regular, and that under no circumstances could the county recover this money while retaining the fruits of this bargain.

Order and judgment affirmed.

Smith, J., and Gray, P. J., concurred.