[L. A. No. 2286.   Department Two.—August 21, 1909.]

## W. N. SARVER, Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

COUNTY JAIL—CELLS WHEN PART OF STRUCTURE—INDEPENDENT CAGES ARE FURNISHINGS.—Depending upon their mode of construction, cells in a common jail may either be a part of the structure, or independent thereof. When they consist of steel tanks or cages erected within but quite independent of the jail building, they become a part of the jail furnishings.

ID.—FURNISHING OF PUBLIC BUILDING—ADOPTION OF PLANS AND SPECIFICATIONS NOT NECESSARY.—Subdivision 8 of section 4041 of the Political Code requires that in the erection or reconstruction of a public building the contract shall be let and the work performed under plans and specifications previously adopted. But it makes no such requirement in the case of furnishing a public building.

ID.—DISCRETION IN AWARDING CONTRACT—LOWEST RESPONSIBLE BIDDER. —The board of supervisors of a county, who have advertised for bids for the erection within the county jail of such steel tanks or cages, in accordance with general plans and specifications adopted by them, are not required to let the contract for the work to the lowest responsible bidder. They may exercise their discretion in the matter, and award the contract to such bidder as they may determine to be the most advantageous for the county.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. P. James, Judge.

The facts are stated in the opinion of the court.

J. D. Fredericks, District Attorney, George P. Adams, and J. W. McKinley, for Appellants.

Scarborough & Bowen, for Respondent.

HENSHAW, J.—Plaintiff, a taxpayer of the county of Los Angeles, sought by his action an injunction to restrain the supervisors of the county from entering into a contract for the construction of certain steel cells within the county jail. The substance of his complaint is that the county advertised for bids for the work to be performed, as it was required to do under subdivision 8 of section 4041 of the Political Code. This section in empowering boards of supervisors "to cause to be erected, or rebuilt, or furnished, a courthouse, jail, hospital, . . . and such other public buildings as may be necessary," prescribes that in so doing they shall advertise for bids and let the contract to the lowest responsible bidder and shall erect or construct "none of the aforesaid buildings . . . until the plans and specifications have been made therefor and adopted by the board." It is charged that bids were duly advertised for pursuant to the plans adopted and that upon the opening of the bids the board of supervisors arbitrarily and in defiance of law refused to award the contract to the lowest responsible bidder, but announced its intention to award the contract to the Pauly Jail Building Company, whose bid was over six thousand dollars in excess of that of the lowest responsible bidder. The board of supervisors made answer that, while they had adopted general plans and specifications for the proposed work, still from its nature it was impossible to formulate complete plans and specifications, and this because of the different kinds of material which could be employed, of the varying advantages or disadvantages in patented locking devices and for many other like reasons not necessary here to set forth in detail; that the character of the work was, therefore, such as called for the exercise of discretion upon the part of the board in awarding the contract and that in the exercise of this discretion and for the benefit of the county and its taxpayers it was decided to award the contract to the Pauly Jail Building Company.

Upon the filing of this answer plaintiff moved for and obtained a judgment upon the pleadings and defendants appeal.

The question presented upon appeal is whether the work for which bids were received was of a character which made it compulsory upon the board to award the contract, based upon plans and specifications previously adopted, to the low-

est responsible bidder, or whether, as appellants contend, from the nature of the work it was impossible so to do and the board was at liberty, therefore, and, indeed, that it became its duty, to exercise a judgment in the matter.

There can be no doubt but that depending upon their mode of construction, cells in a common jail may either be a part of the structure or they may be, as here, steel tanks or cages erected within, but quite independent of the jail building. When such is the case these cells become a part of a modern jail furnishings. (*Pauly Jail Building and Mfg. Co.* v. *Comrs. etc.,* 68 Fed. 171.] In the erection or reconstruction of a public building the statute contemplates very properly that the contract shall be let, and the work performed, under plans and specifications previously adopted. But there is no such requirement in the case of furnishing a public building. The law does not say that no furnishings shall be purchased except under adopted plans and specifications. It says "none of the aforesaid buildings shall be erected" except under such adopted plans. And the reason is quite apparent. In the matter of furnishings, something from the necessities of the case must be left to the sound judgment and honest discretion of the board of supervisors. Desks, chairs, book-shelves, carpets, light-fixtures, etc., are of different prices and quality. Many of such articles are manufactured under patents and could be procured but from one source. It would be practically impossible to call for the furnishing of a building under pre-adopted plans and specifications adequate to exclude the necessary play of discretion and judgment, and, as we have said, the law has not undertaken so to hamper the boards of supervisors in the performance of this important duty. In the case at bar it may well be as the appellants plead, that, notwithstanding the Pauly Jail Building Company's bid was higher in terms of money, it was still the lowest and the best in consideration of the quality of work, of material to be used and of patented devices to be employed. That such patented devices may be considered, and, indeed, called for by the board of supervisors, is well settled. (*Nicholson Pavement Co.* v. *Painter,* 35 Cal. 697; *Dunne* v. *Altschul,* 57 Cal. 474.)

We have not been favored with a brief by respondent upon the matter, but from appellants' brief we gather that reliance

was placed in the lower court upon the case of *Ertle* v. *Leary*, 114 Cal. 238, [46 Pac. 1]. The case is not at all in point, as will be seen from the following quotations: "The jail in this case is a new edifice, and we agree with plaintiff that the cells are an integral part of the same—not 'furniture' merely, as said by appellants; in the contract the structures to be completed and delivered by Van Dorn are themselves called 'the jail'; and they probably are the most essential part of the prison. They are, therefore, within the statute prohibiting the board from causing the same to be constructed until plans, etc., have been made and adopted." Such is not the condition here presented. The Los Angeles jail is an existing building with a number of such cells erected therein, and the call in this contract is for the taking into the building steel and other proper material and therein constructing another tier of tanks or cages.

Still further it is said in *Ertle* v. *Leary*: "To permit each bidder to propose the plans and specifications according to which he will construct the building, not only prevents competition in bidding for the work, but gives to the board an opportunity for the exercise of favoritism in awarding the contract, instead of being required to let it to the lowest responsible bidder; for, since neither of the bidders can know of the plans and specifications under which others are making their bids, there is no standard by which the board can determine which is the lowest bidder." This language, directed as it is and as it declares, to the construction of the "building" is manifestly just and proper, but it has no application to the case of "furnishings" concerning which, as has been shown, the law, from the nature of the thing to be done, requires no pre-adopted plan.

The judgment is reversed, with directions to the trial court to overrule the demurrer to defendants' answer and proceed with the trial upon the merits.

Lorigan, J., and Melvin, J., concurred.