[Civ. No. 886.  Second Appellate District.—September 14, 1910.]

THE PEOPLE ex rel. LEONARD MERRILL, Petitioner, v. C. J. NELLIS et al., Supervisors of the County of Los Angeles, Respondents.

PROHIBITION—PURCHASE BY SUPERVISORS OF FURNISHINGS FOR HALL OF RECORDS—AWARD OF CONTRACT TO HIGHEST BIDDER—OPEN MARKET. Prohibition will not lie to restrain the board of supervisors of a county from awarding a contract for the purchase of furnishings for the hall of records to the highest bidder, where no sealed bids were asked; but each bidder was required to furnish his own plans and specifications, and to present samples of his material and workmanship with prices, and the language and provisions of the

advertisement and plans indicate as the real intention upon the part of the board to purchase in the open market.

ID.—POWER AND DISCRETION OF SUPERVISORS IN PROCURING FURNISH-INGS.—It is undisputed that the board of supervisors may, in their discretion, go into the open market and purchase furnishings for a public building, where such furnishings form no part of the structure. Their authority to do so has been judicially determined.

ID.—FRAUD DISCLAIMED IN PETITION FOR PROHIBITION—DIFFERENCE IN PRICE EXPLAINABLE.—Where no fraud is averred in the petition for the writ of prohibition, but on the contrary counsel for petitioner disclaims any intent to charge the same, the great difference in the price between the offers of the dealers may be occasioned on account of perfectly legitimate reasons, and such as would warrant the payment of the higher price.

ID.—PROHIBITION NOT ALLOWABLE IN CASE OF PROPER DISCRETION.—Where jurisdiction and authority are given to a public board to exercise its discretion, and no facts appear showing an abuse thereof, it is not within the province of the courts to review such discretion in a proceeding in prohibition.

PETITION for writ of prohibition to the Board of Supervisors of Los Angeles County.

The facts are stated in the opinion of the court.

Elon G. Galusha, for Petitioner.

J. D. Fredericks, District Attorney, and J. W. McKinley, for Respondents.

THE COURT.—This is an application to this court for an original writ of prohibition restraining the supervisors of Los Angeles county from entering into a certain contract for the purchase of furnishings for the hall of records. Respondents demur to the petition.

It is averred that the supervisors advertised for bids; that the same were received; that one bidder offered to supply the needed furnishings for $150,000, while another bid therefor $247,700; that the goods so to be furnished under such respective bids were in quality, texture and workmanship the same. It is further averred that the notice given soliciting such bids, and the specifications in said notice referred to and made part thereof, were uncertain in their terms and provided no data upon which intelligent bids could be made. That it

was required of the bidders that they furnish their own plans, and in addition give bonds indemnifying the county against all damages for infringement of patents caused by suit or otherwise, all of which it is averred increased the cost of material and furnishings; that when said bids were received the board awarded the contract to the highest bidder.

It is not contended by respondents, nor can it well be, that the advertisement for bids and the plans and specifications made part thereof are such as are contemplated by law when purchases are sought to be made under sealed bids. An examination of such advertisement and specifications, and the character of requirements thereunder, would indicate that the expressed intention to purchase by bid was but a pretense. The language and provisions of the advertisement and plans indicate as the real intention upon the part of the board to purchase in the open market, and in lieu of personal examination by the board at the respective places of business the dealer was required to present samples of materials and workmanship, with prices, after the officials were consulted who were expected to use the furnishings, and these officials were expected to indicate the quantity and arrangement of movable furniture as well as of counters, desks, filing cases, etc. We are not, therefore, confronted with a question as to the duty of the board after having elected to proceed in a particular way, which election it is claimed precludes them from making purchases in a different way. That the board of supervisors may, in their discretion, go into the open market and purchase furnishings for a public building where such furnishings form no part of the structure is not disputed. Their authority so to do is determined in *Sarver* v. *County of Los Angeles,* 156 Cal. 188, [103 Pac. 917]; *Riverside* v. *Yawman-Erbe Mfg. Co.,* 3 Cal. App. 691, [86 Pac. 900].

The alleged disparity between the bids submitted, if unexplained, were fraud, or favoritism amounting thereto, charged, might be urged in equity as a reason why an injunction would lie to prevent public officers from wasting the funds under their charge. Fraud is not averred, but on the contrary counsel for petitioner disclaims any intent to charge the same. In the absence of fraud even a court of equity would not interfere with the discretion given by the statute to the board of supervisors in relation to such purchases. The great dif-

ference in the price between the offers of the dealers may be occasioned on account of perfectly legitimate reasons, and such as would warrant the payment of the higher price. Where jurisdiction and authority are given a public board to exercise its discretion, and no facts appear showing an abuse thereof, it is not within the province of courts to review such discretion in a proceeding of this character.

Writ denied.