[Sac. No. 2857. In Bank.—April 19, 1920.]

HENRY COWELL LIME & CEMENT COMPANY (a Corporation), Appellant, v. L. P. WILLIAMS, as Auditor, etc., Respondent.

[1] Street Law — County Highway Improvement Proceedings — Adoption of Plans and Profiles not Jurisdictional Prerequisite.—In proceedings under the act of 1907 (Stats. 1907, p. 666), for the improvement of county highways, the adoption of plans and profiles before entering into any contract for the furnishing of materials is not a jurisdictional prerequisite, since the money is already in the treasury, and so far as persons who perform work or furnish material are concerned, it merely represents a fund properly applicable to the expenses of improving the highway.

[2] Id.—Purchase of Cement—Advertisement for Bids Essential. Under the act of 1907 providing for the construction of county highways, assuming that the board of supervisors are authorized to treat the furnishing of cement as a separate and distinct contract, it is essential that the purchase should be after advertisement and from the lowest responsible bidder.

[3] Id.—Appointment and Powers of County Purchasing Agent— Purchase of Supplies Without Advertising—Statutory Requirements of County Highway Act not Affected.—The statute of 1907 requiring the purchase of supplies from the lowest responsible bidder after advertisement was not modified by the addition of 1913 to section 4041 of the Political Code of the subdivisions authorizing the employment of a county purchasing agent and giving him power to purchase supplies without advertising for bids, since the phrase "all other supplies," contained in section 4048, is limited by the context to ordinary county supplies, and is not broad enough to cover cement furnished by the county for highway construction.

[4] Id.—Void Contract for Cement — Failure to Advertise for Bids.—A contract made by a county purchasing agent for the purchase of more than one thousand dollars' worth of cement to be furnished to the contractor by the county for county highway construction, is void, and the contractor cannot recover thereon, where made without having first advertised for bids.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mastick & Partridge for Appellant.

Meredith, Landis & Chester for Respondent.

WILBUR, J.—This is an appeal from a judgment denying an application for a writ of mandate to require the respondent auditor to draw a warrant upon a claim for cement furnished by the petitioner to the county of Sacramento, which claim has been duly approved by the board of supervisors. The cement was purchased by the purchasing agent of the county without advertising for bids, for the purpose of constructing certain highways in the county of Sacramento. The improvement of these highways was provided for by a county bond issue of one million seven hundred and fifty thousand dollars at an election held under the provisions of the Statutes of 1907, page 666, authorizing the calling of such election. The bonds were sold and the proceeds thereof paid into the county treasury. The petitioner furnished the cement upon the orders of the purchasing agent of the county, who made such purchase in pursuance of a requisition by the highway commission upon the supervisors and by them authorized. The purchase was made upon the written request from the purchasing agent to the petitioner to furnish bids. The statute authorizing the performance of the work provided that "As soon as the funds raised by the sale of said bonds are in the treasury the commission shall proceed to prepare detailed specifications, plans and profiles for the work to be done, or for such parts of it as they deem it advisable to have done separately, . . . and they shall then present said specifications, plans and profiles, with their recommendations in regard to the doing of the work and letting of contracts to the board of supervisors, who shall either adopt or reject the same as presented." (Stats. 1907, p. 668, sec. 9.) Respondent claims that no such plans and profiles, as provided by the statute, were prepared or adopted by the board of supervisors, and that, therefore, the county was without jurisdiction to order the cement in question. The proof shows that the specifications for the cement required were prepared and adopted by the board of supervisors, and that the specifications for the performance of the work were also prepared and adopted. The general nature and character of the improvement were

set forth in the report made by the highway commission to
the board of supervisors before the election upon the bond
issue, and contemplated the improvement of the highways
by a concrete base five or more inches in thickness and an
asphalt surface. It having been determined by the board
of supervisors that the county would furnish the cement
to the contractor, no plans or profiles were necessary for the
purpose of determining the kind or quality of cement to
be used in the concrete base which was provided in the
original plan of the highway commission and adopted by
the voters at the election. · The first question is whether or
not the adoption of plans and profiles before entering into any
contract for the furnishing of materials was a jurisdictional
prerequisite, and if not whether or not the county was
authorized by law to purchase cement for the purposes
stated and in the manner in which it was undertaken to be
done. In proceedings under the Vrooman Act [Stats. 1885,
p. 147], and similar statutes for the improvement of
streets and assessing the cost thereof upon the property
benefited thereby it is necessary to strictly conform to the
requirements of the statute in adopting the plans and specifi-
cations, and in the event of a failure so to do the contract
for the performance of the work and assessments made or
bonds issued for the payment thereof are void. (*Fay* v.
*Reed,* 128 Cal. 357, [60 Pac. 927]; *Bay Rock Co.* v. *Bell,*
133 Cal. 150, [65 Pac. 299]; *McDonnell* v. *Gillon,* 134 Cal.
329, [66 Pac. 314]; *Williamson* v. *Joyce,* 137 Cal. 107,
[69 Pac. 854].) **[1]** But the question involved in this case
is entirely different. The money is already in the county
treasury. So far as the persons who performed the work
or furnished materials for the improvement in question are
concerned it merely represents a fund properly applicable to
the expenses of improving the highways. The right of the
petitioner to a warrant for the claim for cement, approved
by the board of supervisors, does not depend upon the
validity of the proceedings leading up to the improvement
of the highway, but depends upon the question of whether
or not the petitioner's contract with the county, made
through the purchasing agent, was a valid contract. This
question turns upon the provisions of the statutes for the
improvement of these highways, construed in connection
with the provisions of the Political Code regulating the

powers and duties of the various county officers. The first question is, whether or not the statute authorizes the board of supervisors to segregate the various portions of the work into separate contracts and to treat the furnishing of cement as a separate and distinct contract authorizing the purchase of such cement as an independent portion of the entire scheme of improvement. The statute reads: "If the board adopt the same they shall thereupon advertise for bids for doing the said work, *or any part thereof which the highway commission recommend should be done separately,* in accordance with said plans, profiles, and specifications, by publishing a notice," etc. If the furnishing of material can be treated as a part of the work within the meaning of this clause, then the general plan of improvement, coupled with the specifications for cement, would be a sufficient foundation for the advertising for bids for such cement. It is next provided that "Every contract for doing any part of said work shall be let, after advertisement as above provided, to the lowest responsible bidder," etc. It is conceded that the contract for the cement furnished by the petitioner was not let after advertisement to the lowest responsible bidder. The statute makes provision for such purchase as follows: "Provided however, that the board may authorize the highway commission to make contracts, without advertisement, for any part of said work the cost of which does not exceed one thousand dollars." In this case the requisition was for two thousand barrels of cement, the purchase price of which was over two dollars per barrel. The statute also authorizes the rejection of all bids, and the performance of the work by the highway commission upon the authority of the board of supervisors, as follows: "And provided further, that the board may reject all bids and may thereupon readvertise for bids for doing any part or the whole of said work, or in their discretion authorize the highway commission to purchase the necessary material, purchase or hire tools and appliances, and hire laborers, and to do the work or any part thereof without letting any contract therefor. In such case all contracts for materials, tools or appliances, amounting to more than one thousand dollars in value shall be let by the commission to the lowest responsible bidder, after advertisement as above provided." The supervisors in the present instance decided that the county should purchase the

cement and furnish the same to the contractor, thus com-
mingling the two methods of procedure, one by contract and
the other without contract.   [2]   But in either case, so
far   as material is concerned, it was essential that the pur-
chase should be after advertisement and from the lowest
responsible bidder.   It is conceded that this was not done.
For the purpose of this decision we may assume that the
supervisors had a right to so segregate the highway work
as to make the furnishing of cement a separate and dis-
tinct contract.   This view seems to be sustained by our
decision in *Perry* v. *Los Angeles,* 157 Cal. 146, 150, [106
Pac. 410].   Petitioner, however, claims that the statute of
1907 requiring the purchase of supplies from the lowest
responsible bidder after advertisement is modified by the
provisions of the statute authorizing the employment of a
purchasing agent for the county and fixing his duties, added
to section 4041 of the Political Code, by amendment of 1913
(Stats. 1913, p. 667, sec. 4041, subds. 21, 22), which reads
as follows:

"21. To employ a purchasing agent, whose duties shall be
to purchase for the county and the offices thereof all sta-
tionery, clothing, bedding, groceries, provisions, drugs, medi-
cines, furnish machinery, implements, and all other personal
property or supplies, the same to be purchased only upon
a proper requisition therefor; also employ for said purchas-
ing agent such assistants as may be necessary for him to
properly fulfill his duty.

"22. Whenever a board of supervisors shall employ a pur-
chasing agent as herein provided for it shall not be necessary
for them to advertise for bids for furnishing county supplies
as provided in section 4048 of the Political Code, with the
exception of advertising."

Previous to the adoption of this amendment the method of
securing supplies for the county was by annual advertise-
ment as required by the provisions of section 4048 of the
Political Code, which was substantially the same as the
County Government Act of 1897 (Stats. 1897, p. 464, sec. 25,
subd. 21).   This scheme called for a general advertisement
for all sorts of supplies furnished to the county, the bids so
received to be a basis of subsequent purchases to be made
during the year as needed by the county officials.   This sec-
tion, and a similar statute preceding the same, have been

construed in a number of instances. (*Swasey* v. *County of
Shasta,* 141 Cal. 392, 395, [74 Pac. 1031]; *County of River-
side* v. *Yawman & Erbe Mfg. Co.,* 3 Cal. App. 691, [86
Pac. 900]; *People* v. *Nellis,* 14 Cal. App. 250, [111 Pac.
631]; *Sarver* v. *County of Los Angeles,* 156 Cal. 187, [103
Pac. 917]. See, also, *Vale* v. *Boyle,* 179 Cal. 180, [175 Pac.
787].) Subdivision 22, *supra,* simply authorizes the pur-
chasing agent to purchase "stationery, clothing, bedding,
groceries, provisions, drugs, medicines and all other sup-
plies," mentioned in section 4048, of the Political Code,
without the annual advertisement therefor, as therein pro-
vided. The clause "and all other supplies," if not limited
by the other provisions of the section in which it is found,
would be broad enough to cover cement furnished to the
highway commission. [3] But under the cases last cited the
phrase "and all other supplies" is limited by the context
of section 4048 to ordinary county supplies, and would not
apply to the furnishing of a large amount of cement for the
carrying out of a specially authorized highway improvement.
In accordance with this view it has been held that it would
not apply to furnishings for a county courthouse (*County
of Riverside* v. *Yawman & Erbe Mfg. Co., supra; People* v.
*Nellis, supra*), or to furnishings or jail fixtures (*Sarver* v.
*County of Los Angeles, supra*), or to the erection of a fence,
or, under similar provisions in the charter of San Francisco,
to the purchase of automobile buses to be used as a public
utility. The provisions of subdivision 21, *supra,* are broader
than the original section 4048, in that it includes the fur-
nishing of machinery, implements and all other "personal
property." There is no express provision contained in sub-
divisions 21 and 22 with relation to the method of furnishing
machinery, implements and other personal property except
the provision that it shall be done upon a proper requisition
therefor. Nothing in this method of purchase is inconsistent
with the plan of advertising for such property and letting
a contract therefor to the lowest bidder. It follows that
the purchasing agent, under the new scheme of purchasing
contemplated by subdivisions 21 and 22 of section 4041 of
the Political Code, must advertise for cement in the manner
provided by the act authorizing the purchase (Stats. 1907,
p. 668, sec. 9, above quoted), though he need not do this
annually or for the supplies, etc., covered by section 4048

of the Political Code. Subdivision 22 does not purport to authorize the purchasing agent to purchase personal property without advertisement where such property is not covered by section 4048, and where such an advertisement is required by the statute authorizing the purchase. As we held in *Vale* v. *Boyle, supra,* the contracts for the purchase of personal property are proper without advertisement, notwithstanding a general provision requiring advertisement for supplies similar in terms to section 4048 of the Political Code. There is no method pointed out for the purchase of personal property in the amendment of 1913 to section 4041 of the Political Code, adding subdivisions 21 and 22. There is therefore no conflict between the statute of 1907 requiring the letting of contracts after advertisement to the lowest responsible bidder, and the later statute which is silent upon that subject. The purchasing agent was not authorized to purchase the cement in question except from the lowest [4] responsible bidder after advertisement as required by section 9, *supra.* The contract between the petitioner and the purchasing agent acting for the county having been made in violation of the express requirement of the statute is void and the petitioner cannot recover thereon. (*Walton* v. *McPhetridge,* 120 Cal. 440, [52 Pac. 731]; *Reams* v. *Cooley,* 171 Cal. 150, [Ann. Cas. 1917A, 1260, 152 Pac. 293].)

The judgment is affirmed.

Olney, J., Shaw, J., Lennon, J., Kerrigan, J., *pro tem.,* Lawlor, J., and Angellotti, C. J., concurred.