[S. F. No. 13668. In Bank.—October 8, 1929.]

W. T. YODER, Petitioner, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF RIVERSIDE et al., Respondents.

Orrick, Palmer & Dahlquist for Petitioner.

Albert Ford, District Attorney, for Respondents.

LANGDON, J.—This is a proceeding to review an order of the Board of Supervisors of Riverside County, made under Statutes of 1913, page 785, as amended (Deering's General Laws 1923, and Supp. 1925–1927, Act 9123), purporting to create Riverside County Waterworks District No. 1. Respondents filed a demurrer to the petition, which raises but one issue of law, i. e., as to the sufficiency of the description of the proposed district.

Petitioner is the owner of lands situated in Riverside County and within the territory purported to be contained within the boundaries of said Riverside County Waterworks District No. 1 by virtue of said order for formation of said district. It contends that the entire proceedings for the formation of the district are void in that no definite district is defined any place in the proceedings. The defect pointed out by petitioner runs through the entire proceedings, from the petition which initiated the proceedings to the final order declaring the district formed. The description of the land in the petition for formation of the district, the description in the notice fixing time and place of hearing petition and the description in the resolution calling election on the proposition of forming the district and incurring a bonded indebtedness and also the description in the order of the Board of Supervisors declaring the district formed and organized, admittedly do not describe the land intended to be included in the district. The description used in all these documents refers successively to various points in sections 7, 18 and 19, township 5 south, range 3 west. According to the map of the district which

was appended to the petition for formation of the district and which was referred to in the notice of hearing thereon, sections 7, 18 and 19 of township 5 south, range 3 west, are situate not on the easterly but on the westerly boundary of the district as outlined on the map. Apparently, the petitioners intended to refer to sections 7, 18 and 19 in township 5 south, range 2 west.

An attempt to trace on the map the boundaries of the district as set forth in the order shows that the description given is wholly unintelligible, and that is the description which was adopted by the Board of Supervisors in its notice and order. Also, the county surveyor filed a certificate that the petition sets forth a full, true and correct description of the boundaries of the proposed district as shown on the map attached to and made a part of the petition and that said boundaries as described in said petition are fully and accurately delineated on said map.

The act under which the proceedings for the formation of the district were taken provides that the petition shall contain the name and boundaries of the proposed county waterworks district to be benefited by the improvement. It would seem that the district must be definitely and accurately described in the formation proceedings if the order of formation is to be held valid.

In McQuillin on Municipal Corporations, second edition, section 279, it is said: ''It is thus obvious that every municipal corporation must have its boundaries fixed definitely and certainly in order that they may be identified and that all may know the exact scope or section of territory or geographical division embraced within the corporation limits and over which the local corporation has jurisdiction. Unless the boundaries are described with certainty so that it is possible to determine the precise area intended to be included within the municipal limits, the incorporation will be void. . . . Under statutes which require the tribunal authorized to make the order of incorporation to set out the metes and bounds in the order, an improper description will render the order of incorporation void.'' (See, also, Dillon on Municipal Corporations, 5th ed., sec. 352; *I. O. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308 [245 Pac. 164]; *Ferry* v. *O'Brien,* 188 Cal. 629 [206 Pac. 449]; *Bay Rock Co.* v. *Bell,* 133 Cal. 150 [65 Pac. 299]; 43 Cor. Jur., p. 106.)

There are also numerous authorities from other jurisdictions, closely in point, which are cited in the able brief filed with us by petitioner, but it is unnecessary to extend this opinion by a discussion of them.

 Respondents urge that since the map filed with the petition to the Supervisors shows clearly that the description of the district is erroneous and impossible and as everyone who voted at the election understood what the actual location of the boundaries was and no one is aggrieved by the error, this court should hold the proceedings valid and the error inconsequential. But such a course might result in many persons being seriously aggrieved who might later purchase bonds and perhaps have them held invalid because the proceedings upon which they were issued violated constitutional guarantees. Unfortunately, the error continued through all the proceedings and the legal and economically sound procedure now is to correct it before further rights and equities become involved.

The demurrer to the petition filed herein is overruled; the writ prayed for is granted and the order of the Board of Supervisors of Riverside County, made on August 5, 1929, purporting to create Riverside County Waterworks District No. 1 is annulled.

Curtis, J., Richards, J., Waste, C. J., Seawell, J., and Preston, J., concurred.